**In re Sharon Marie TAYLOR, Relator.**

No. 01–02–00952–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 2003.

Rehearing Overruled July 25, 2003.

R. Jeanette Parham, Hempstead, for Appellant.

Shawn Casey, Shawn Casey & Associates, Kathy D. Ongert, Houston, for Appellee.

Panel consists of Justices HEDGES, JENNINGS and ALCALA.

## OPINION

ELSA R. ALCALA, Justice.

Relator, Sharon Marie Taylor, has filed a petition for writ of mandamus complaining of the trial court's [1] August 14 and September 3, 2002 orders granting the real party in interest, John Christian Taylor, a new trial. In the petition, relator argues that the trial court's orders granting a new

1. The Honorable Doug Warne, presiding judge of the 311th District Court of Harris County, Texas. The underlying proceeding is trial court cause no. 2002–03327, styled *In the Matter of the Marriage of Sharon Marie Taylor and John Christian Taylor, and in the Interest of Andrew Christian Taylor, Amanda Marie Taylor, and Allison Christine Taylor.*

trial are void because they were signed after the trial court's plenary power had expired following a default judgment in relator's favor. We stayed the trial court's orders granting a new trial pending our determination of the issues presented in relator's petition. We now lift our stay and deny the petition.

## Procedural Background

The record we have been provided by the parties discloses the following facts. A no-answer default judgment in favor of relator, entitled "Final Decree of Divorce," was signed by the trial court on April 17, 2002. On May 10, 2002, John Taylor timely filed a motion to set aside default judgment and for new trial. A hearing on that motion was held on June 21, 2002. At the conclusion of that hearing, the trial court announced that a new trial would be granted, and a notation to that effect was made on the trial court's docket sheet. On June 24, 2002, counsel for John Taylor faxed to the trial court coordinator a proposed order granting a new trial to be signed by the judge. The proposed order was signed by counsel for both parties as approved and file-stamped by the district clerk on June 27, 2002.

Counsel for John Taylor later testified that she called and spoke with Erica Irachete, a clerk with the trial court, on June 28, 2002. Counsel testified that she was advised by Irachete in that telephone call that the order had been signed the previous day, June 27, 2002. Counsel for John Taylor then ordered a certified copy of the order from the district clerk. However, the district clerk was never able to produce a copy of the signed order granting a new trial.

On August 9, 2002, counsel for relator obtained from the district clerk a certified copy of the original proposed order, still unsigned, that had been faxed to the court on June 24, 2002 and filed-stamped by the clerk on June 27, 2002. The district clerk also issued a document certifying that "a search was done and as of the 9th day of August 2002 at 2:30 P.M. the Order on Motion For New Trial filed on June 27, 2002 has not been signed . . . ."

On August 14, 2002, counsel for John Taylor faxed another copy of the proposed order on the motion for new trial to the trial court coordinator and the judge signed and dated the order that same day. Apparently realizing that the order was signed after the trial court's plenary power had ended, on August 23, 2002, counsel for John Taylor filed a "Motion to Locate Signed Order on 'Motion for New Trial' Or, Alternatively, Motion to Re-execute Order on Motion for New Trial as a Lost Document."

Opposing counsel was served with that motion by facsimile transmission, including copies of three letters, one to the district clerk, one to the trial court coordinator, and one to the trial court clerk, Irachete. The letter to the district clerk requested in bold typeface that the motion be set for hearing on September 3, 2002 at 9:00 a.m., as authorized by the court coordinator. The letters to the coordinator and Irachete both requested in bold typeface that they calendar the hearing on September 3, 2002 at 9:00 a.m., as authorized by the court coordinator and that Irachete be prepared to testify at the hearing. The motion itself also contained a notice of hearing for September 3, 2002 at 9:00 a.m. at the end of the motion, purporting to order the clerk to send notice of the hearing to relator, although blanks for the trial court clerk to sign and date the notice were not completed. Relator did not file a response to the motion.

On September 3, 2002, an evidentiary hearing was held by the trial court. Neither relator nor her counsel appeared at

the hearing. Irachete testified under oath that she did not recall speaking with counsel for John Taylor on June 28, 2002. Irachete did not recall the original order's ever having been signed, only that the copy faxed to the court on August 14, 2002 had been signed, and did not recall telling counsel for John Taylor that the original order had been signed. Irachete did not admit that, if counsel's file reflected the telephone conversation took place, that the file would be correct.

Counsel for John Taylor testified under oath that she called and spoke with Irachete on June 28, 2002, and that Irachete told counsel that the order had been signed on June 27, 2002. At the conclusion of the hearing, the trial court stated that it "was satisfied that that Order, apparently, was signed on June 27th" and that "[u]sually these Orders eventually turn up somewhere in another file . . . ." The trial court then signed another copy of the order on the motion for new trial, filed-stamped it September 3, 2002, added "nunc pro tunc" to the caption of the order and backdated the signing to June 27, 2002.

The record also includes a signed "Order on 'Motion to Locate Signed Order on Motion for New Trial Or, Alternatively, Motion to Re-execute Order on Motion for New Trial as a Lost Document.'" That order recites that, on September 3, 2002, the court considered the motion, a new trial is granted, and an order nunc pro tunc is entered dated June 27, 2002. The order further states that, (1) the motion for new trial was heard on June 21, 2002, (2) the motion for new trial is granted, (3) the final decree of divorce entered on April 17, 2002 is vacated and set aside, and (4) a new trial is granted. The order states it is "signed as if signed on the 27th day of June, 2002," but does not indicate the date it was in fact signed.

### Standard of Review

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a legal duty when there is no adequate remedy at law. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999). In determining whether there has been a clear abuse of discretion justifying mandamus relief, the reviewing court must consider whether the trial court's ruling was one compelled by the facts and circumstances or was arbitrary, unreasonable, or reached without reference to any guiding rules or principles. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

Relator has the burden to present the appellate court with a record sufficient to establish a right to mandamus. *See Walker v. Packer*, 827 S.W.2d 833, 837–39 (Tex.1992). With respect to factual matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court. *Id.* at 837. However, a review of the trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. "We must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial error of law.'" *In re Bristol–Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex.1998).

### Analysis—The August 14 Order

In her single issue, relator argues that the trial court's August 14 and September 3, 2002 orders granting a new trial are void because they were signed after the court's plenary power had expired. Texas Rule of Civil Procedure 329b requires a written order to effectively

grant a new trial. Tex.R. Civ. P. 329b(c). An oral pronouncement and docket sheet entry are not sufficient. *Estate of Townes v. Wood*, 934 S.W.2d 806, 807 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding).

When a written order granting a new trial is not signed within 75 days of the judgment, the motion for new trial is overruled by operation of law, and the trial court's plenary power expires 30 days later. Tex.R. Civ. P. 329b(c), (e); *Estate of Townes*, 934 S.W.2d at 807. Because the default judgment was signed on April 17, 2002, the trial court had 75 days, specifically, until July 1, 2002, to sign an order granting a new trial before the motion was overruled by operation of law, and until 30 days after that, specifically, July 31, 2002, before its plenary power expired. We conclude that the trial court's order granting a new trial, signed on August 14, 2002, was signed after the trial court's plenary power had expired, on July 31, 2002, and is, therefore, void. *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998). We sustain the portion of relator's complaint that the trial court did not have the power to sign an order granting a motion for new trial on August 14, 2002 after its plenary power had expired.

### Analysis—The September 3 Order

Relator also alleges that the order file-stamped September 3, 2002 is void because it was signed after the trial court's plenary power had expired. On September 3, 2002, the trial court signed an order on the motion for new trial with a back-dated signature of June 27, 2002. The order recites that the original order on the motion for new trial was signed on June 27, 2002, but had been lost.

### A. Replacement of Lost Order

■ In his response to the petition, John Taylor argues that the trial court did not abuse its discretion by signing the September 3 order, but merely ordered the replacement of a lost order as authorized by chapter 19 of the Civil Practice and Remedies Code. Under chapter 19, a lost, destroyed, or removed record, including a court order, may be supplied by parol proof of the record's contents. Tex. Civ. Prac. & Rem.Code Ann. §§ 19.001, .002 (Vernon 1997). A person interested in supplying a lost order of a district court may file a written application with the district clerk of the county in which the record was lost, setting forth facts that entitle the applicant to relief. Tex. Civ. Prac. & Rem. Code Ann. § 19.003(a)(1), (b) (Vernon 1997).

■ When an application is filed, the district clerk must issue citation to any party adversely interested to the applicant at the time of the rendition of the order. Tex. Civ. Prac. & Rem.Code Ann. § 19.004(a)(3) (Vernon 1997). The citation must direct the person to whom it is issued to appear at the designated term of the court to contest the applicant's right to record a substitute, and process must be served in the manner provided by law for civil cases. Tex. Civ. Prac. & Rem.Code Ann. § 19.004(b), (c) (Vernon 1997). When the prescribed persons were not made parties, a judgment that establishes a lost record is void. *See Cook v. Roberson*, 46 S.W. 866, 868 (Tex.Civ.App.-Fort Worth 1898, no writ). On hearing an application to supply a lost record, if the court is satisfied from the evidence of the previous existence and content of the record and of its loss, the court shall enter an order containing its findings and a description of the record and its contents, and such order stands in the place of the original record. Tex. Civ. Prac. & Rem.Code Ann. §§ 19.005, .006 (Vernon 1997).

Neither John Taylor's motion to re-execute the order as a lost document nor the

order issued by the trial court specified any legal authority on which they were based. In response to the petition for writ of mandamus in this Court, John Taylor relies only on chapter 19. The Rules of Civil Procedure, however, also allow a party in a pending suit to supply lost papers on a sworn motion after three days notice if the trial court is satisfied, after conducting a hearing, that the supplied papers are substantial copies of the originals. TEX.R. CIV. P. 77. Although John Taylor argues only chapter 19, we will not conclude that the trial court violated a legal duty or abused its discretion if there is *any* legal basis to support the trial court's action. *See Johnson,* 700 S.W.2d at 917 (holding relator must establish that facts and law permit trial court to make but one decision).

■ By its express language and scope,[2] chapter 19 appears intended to apply primarily when there is no pending matter, hence the requirement for the issuance of citation and service of process on interested parties. Rule 77, on the other hand, by its own language, applies to lost papers in pending matters, like the matter before us,[3] and does not require the issuance of citation. Rule 77 does, however, require a sworn motion. TEX.R. CIV. P. 77. In the present case, the record provided by relator does not indicate that citation was issued and served. Likewise, the record

does not show that John Taylor's motion to re-execute a lost document was sworn. Relator did not object in the trial court,[4] however, and has not argued in this Court that service of citation or a sworn motion was necessary. Accordingly, she has waived those complaints. *See McGough v. Moore,* 828 S.W.2d 547, 554 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *see also* TEX.R.APP. P. 38.1(h) (requirements for argument section of brief); *Walling v. Metcalfe,* 863 S.W.2d 56, 58–59 (Tex.1993) (holding that courts of appeals may not reverse the judgment of trial court for reason not raised in point of error); *Bradt v. West,* 892 S.W.2d 56, 69 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (holding that unbriefed issues are waived and will not be considered).

The only evidence presented to the trial court at the hearing was testimony from Irachete that she did not recall the order being signed or speaking with counsel, and testimony by John Taylor's counsel that she was told by Irachete that the order granting a new trial had been signed on June 27, 2002. Whether the order had been signed was a matter entrusted to the sound discretion of the trial court, and we hold that the trial court did not abuse its discretion by determining that the order had been lost and by entering an order to substitute a re-executed order granting a new trial for that lost order.

2. In addition to a lost court order or judgment, chapter 19 also authorizes replacement of a document unrelated to any court proceeding, such as a deed, bond, bill of sale, mortgage, deed of trust, power of attorney, or conveyance that has previously been recorded and then lost. TEX. CIV. PRAC. & REM.CODE ANN. §§ 19.001 (Vernon 1997).

3. This must either have been a pending matter for purposes of rule 77 because the order for new trial had, in fact, been signed on June 27, 2002 and thus the trial court still retained plenary power, or, the order had not been

signed, in which case not only was there no matter pending, but there was no lost order to replace under rule 77 or chapter 19.

4. Relator did not object because she did not appear at the hearing on John Taylor's motion to re-execute the order granting new trial as a lost order, in person or through counsel. Relator argues in this Court that she did not appear because she did not receive notice of the hearing. However, hereinafter, we conclude that she did receive sufficient notice of the hearing.

## B. Sufficient Notice of Hearing

Relator argues in her reply brief that she did not receive adequate notice of the September 3, 2002 hearing because she was notified only that a hearing had been requested. Relator argues that because the clerk of the court did not certify the notice of the hearing by signing it, the notice of the hearing was insufficient. We disagree. It is undisputed that relator's counsel received from John Taylor's counsel a copy of the "Motion to Locate Signed Order on 'Motion for New Trial' Or, Alternatively, Motion to Re-execute Order on Motion for New Trial as a Lost Document." This motion contained a notice of hearing informing relator to appear "in person, before this court . . . ." In addition, 10 days before the hearing, relator's counsel received copies of the three letters confirming the hearing date and time "as authorized" by the trial court coordinator. A copy of a letter requesting a specific date for a hearing sent to the opposing party is sufficient notice of the setting on that date because the litigants are thereby put on notice that a hearing may be had on the requested date. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex.1978); *West v. Maintenance Tool & Supply Co.*, 89 S.W.3d 96, 102–03 (Tex. App.-Corpus Christi 2002, no pet.). In the present case, the copies of the letters sent to relator's counsel did more than merely request a hearing date by confirming a date already authorized by the trial court coordinator. We hold that relator received sufficient notice of the hearing.

Relator objects in this Court, admittedly for the first time, to hearsay testimony and argument as testimony presented at the hearing. Relator argues that she did not previously have an opportunity to make those objections because she did not receive adequate notice of the hearing. Having concluded that relator's counsel did receive sufficient notice of the hearing, her objections in this Court to testimony admitted at the hearing are waived. *See* TEX.R.APP. P. 33.1(a); *McGuire v. McGuire*, 4 S.W.3d 382, 386 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

## C. Evidence Outside the Record

Relator argues that the certified copy she obtained of the unsigned order still in the court's file as of August 9, 2002, and the district clerk's certificate of that same date that the order had not been signed, conclusively establish that the order was not signed before the trial court's plenary power expired on July 31, 2002. That evidence, however, was not presented to the trial court at the September 3, 2002 hearing on John Taylor's motion to re-execute a lost order. Relator has also provided this Court with an affidavit, signed after this original proceeding was filed, from a deputy district clerk who avers that the June 27, 2002 order had not been signed as of August 9, 2002.

In an original proceeding on petition for writ of mandamus, we must focus on the record that was before the trial court. *In re Bristol–Myers Squibb Co.*, 975 S.W.2d at 605. We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding. *In re Bahn*, 13 S.W.3d 865, 870 (Tex.App.-Fort Worth 2000, orig. proceeding). Because relator did not present the certified copy of the unsigned order, the certificate from the district clerk, or the affidavit of the deputy district clerk to the trial court for consideration at the September 3, 2002 hearing, we will not consider that evidence in deciding whether the trial court abused its discretion.

## D. Order Nunc Pro Tunc

Relator argues that the order nunc pro tunc signed by the trial court on September 3, 2002 cannot be used as a procedure to backdate the order granting new trial to June 27, 2002. We agree that an order cannot be backdated merely by issuing an order nunc pro tunc.

 Texas law does not provide a mechanism to supply a backdated order on motion for new trial after the trial court's jurisdiction has elapsed. *Jauregui Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Servs.*, 960 S.W.2d 334, 337 (Tex.App.-Corpus Christi 1997, pet. denied). A judgment nunc pro tunc may be issued after a trial court's plenary power expires to correct clerical errors in a judgment or order. *See* Tex.R. Civ. P. 306a(6), 316. For example, a judgment nunc pro tunc may be issued to correct the date an order was signed if the original date is shown to have been incorrect. *See Traylor Bros., Inc. v. Garcia*, 949 S.W.2d 368, 369 (Tex.App.-San Antonio 1997, no writ). An order nunc pro tunc may not be used, however, to backdate the signing of a written order that was not in fact signed earlier. *See Jauregui Partners*, 960 S.W.2d at 337.

 The trial court's order here recites that the original order on motion for new trial was signed on June 27, 2002, but had been lost. Accordingly, the trial court was not attempting to backdate an order that had not been signed through the nunc pro tunc procedure, but was instead correcting the date the order was signed to conform with the trial court's finding that the original was lost.

### Conclusion

Based on the record before the trial court, we hold that the trial court did not abuse its discretion by determining that its original order granting a new trial had been signed on June 27, 2002, while it retained plenary power, and by substituting a re-executed order for that lost order on September 3, 2003. Accordingly, we vacate our temporary stay and deny the petition for writ of mandamus.