Opinion issued June 8, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00290-CV




IN RE WILLIAM GREGORY HOLT, Relator




Original Proceeding on Petition for Writ of Mandamus 




MEMORANDUM OPINION
           This is a suit to enforce a judgment. Relator, William Gregory Holt, has filed
a petition for writ of mandamus challenging the trial court’s January 19, 2006 order
appointing a master in chancery to investigate Holt’s assets.


 In his sole issue, Holt
contends that the trial court abused its discretion, under Texas Rule of Civil
Procedure 171, by sua sponte appointing “a ‘debt collector’ as a master in chancery
to conduct post-judgment discovery in aid of a purported judgment creditor.” See
Tex. R. Civ. P. 171.
          We conditionally grant mandamus relief. BackgroundIn November 1988, Sakowitz, Inc., not a party to this suit, was awarded a
judgment against Holt in the amount of $9700.00, plus costs and interest. If there was
any execution of the judgment by Sakowitz, it proved unsuccessful. In October 2005,
real party in interest, Cedyco Corp., appeared and filed an “Application for Turnover
After Judgment and for Appointment of Receiver” (“Application”), referring to itself
as “Assignee of Sakowitz” and requesting that Ray Crain, an individual with whom
Cedyco had worked in prior matters, be appointed as receiver to take possession of
and to sell Holt’s assets. Holt answered, contending that Cedyco (1) lacked capacity
to enforce the judgment because it had not proved that it owned the judgment; (2) was
attempting to collect a 17-year-old judgment that had become dormant and had not
been revived;


 (3) failed to show that it was a judgment creditor and that Holt had
non-exempt property that could not readily be attached or levied upon by ordinary
legal process;


 and (4) did not met the requirements for appointment of a receiver.
          After a hearing on November 28, 2005, the trial court granted Cedyco’s
Application, appointing Ray Crain as receiver and ordering that he “take possession
of and sell the non-exempt property, real and personal, of [Holt and his wife],
including, but not limited to: [an extensive list].” Holt moved to set aside the order,
contending that the trial court had conducted the hearing in the absence of his
counsel, E.M. Schulze. 
          Holt contends that, at the time that the November 28, 2005 hearing was
scheduled, Schulze had moved for a continuance on the basis that he was set to be in
trial on that date. The trial court denied the motion, opting to see if Schulze was
actually called to trial. On November 28, contends Holt, Schulze informed the trial
court that he had in fact been reached for trial and could not attend the hearing. Holt
contends that, although the trial court assured Schulze that the hearing would be reset,
the hearing was, nonetheless, conducted that day. No record of the hearing appears
in the record before us. Holt states that “no evidence was offered by Cedyco on this
date . . . [and] the proceedings were not reported.” On December 14, 2005, the trial
court granted a hearing on the motion to set aside the appointment of the receiver. 
Cedyco did not offer any evidence at the hearing. 
          On January 19, 2006, the trial court (1) denied Holt’s motion to set aside the
appointment of Ray Crain as receiver; (2) ordered that all activities of the receiver
“temporarily cease pending an investigation into the extent of [Holt’s] non-exempt
property”; and (3) appointed Reicke Baumann as master in chancery to depose Holt
to determine the “extent, nature, and location of non-exempt property” and to report
such findings to the court. It is from the January 19 order that Holt seeks mandamus
relief.
Standard of Review
          A party is entitled to mandamus relief if a trial court abuses its discretion or
violates a legal duty and the party has no adequate remedy by appeal. Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992); In re Taylor, 113 S.W.3d 385, 389
(Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). A trial court abuses its
discretion if “it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.” Walker, 827 S.W.2d at 839; see In re Taylor, 113
S.W.3d at 389. With respect to factual issues, matters are committed to the trial
court’s discretion, and the reviewing court may not substitute its judgment for that of
the trial court. Walker, 827 S.W.2d at 839. The relator must establish that the trial
court reasonably could have reached only one decision. Id. at 840. With respect to
a trial court’s determination of legal principles, however, review is less deferential.
Id. A trial court has no discretion to incorrectly determine what the law is or to
improperly apply the law to the facts.  Id. Appointment of Master in ChanceryIn his sole issue, Holt complains that the trial court abused its discretion, under
Texas Rule of Civil Procedure 171, by sua sponte appointing “a ‘debt collector’ as
a master in chancery to conduct post-judgment discovery in aid of a purported
judgment creditor.” See Tex. R. Civ. P. 171. Cedyco did not file a response in this
proceeding.
          The appointment of a master lies within the sound discretion of the trial court
and should not be disturbed unless a clear abuse of that discretion is found. Simpson
v. Canales, 806 S.W.2d 802, 811 (Tex. 1991). The Texas Supreme Court has held that
“Rule 171 is the exclusive authority for appointment of masters in our state courts”
and “every referral to a master, unless authorized by statute or consented to by the
parties, must comply with Rule 171.” Id. at 810 & n.12 (giving non-exhaustive
listing of matters authorized by statute). Here, because there does not appear to be an
applicable statute and because Holt did not consent to the appointment, the issue is
whether the trial court had the authority to compel Holt to submit matters to the
master under Rule 171. See id. at 810–11 & n.12. 
          Rule 171 provides as follows, in pertinent part: 
The court may, in exceptional cases, for good cause appoint a master in
chancery, who shall be a citizen of this State, and not an attorney for
either party to the action, nor related to either party, who shall perform
all of the duties required of him by the court, and shall be under orders
of the court, and have such power as the master in chancery has in a
court of equity. 
 
Tex. R. Civ. P. 171. Hence, Rule 171 permits a trial court to appoint a master “in
exceptional cases, for good cause.” Id. The “exceptional case” and “good cause”
standards are “not susceptible [to] precise definition.” Simpson, 806 S.W.2d at 811. 
Although the trial court may consider the complexity of the case, the rule’s standards
may not be satisfied merely by showing that a case is time-consuming or complicated.
Id.
          In Simpson, the trial court appointed a master based on the complexity of the
toxic-tort case before it, which involved one plaintiff and 18 defendants. Id. Over
the course of 10 months, 8 discovery motions were filed, but the trial court did not
hear any of the pending discovery disputes before appointing the master. Id. The
supreme court concluded that the appointment of the master constituted a clear abuse
of discretion by the trial court because, although the case may have been more
complicated than others on the trial court’s docket, “it can hardly be said to be
exceptional, at least at this point in its development.” Id. The supreme court
explained that “[e]ven if this were an exceptional case, based upon the allegations in
the pleadings, the number of parties, or the amount of activity it generated, we would
be reluctant to approve the trial court’s delegation of the supervision of all discovery
to be conducted in the case to the master.” Id. at 811–12.
          As in Simpson, there is nothing in the record before us that suggests that this
is an “exceptional case” that cannot be handled in the trial court or that “good cause”
exists for supervision by a master. There are two parties involved, and the only issue
before the trial court at this time is the discovery of non-exempt assets. There was no
evidence taken at the December 14 hearing before the trial court appointed Baumann,
and, although Holt objected to the appointment, Cedyco offered no explanation. 
Conclusion
          We hold that the trial court abused its discretion in appointing a master,
conditionally grant Holt’s petition for writ of mandamus, and direct the trial court to
vacate its January 19, 2006 order appointing a master and any other orders ancillary
thereto.


 We lift our order of March 28, 2006 staying the proceedings below. We are
confident that the trial court will promptly comply, and our writ will issue only if it
does not.
 
 
                                                                        Tim Taft
                                                                        Justice
 
Panel consists of Justices Taft, Higley, and Bland.