v03252.ord







 

 


NUMBER 13-06-00600-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG



IN RE: JUAN ANGEL GUERRA, Relator 



On Petition for Writ of Prohibition, Writ of Mandamus and 

Motion for Temporary Relief



MEMORANDUM OPINION


Before Justices Hinojosa, Castillo, and Garza 

Memorandum Opinion by Justice Hinojosa


On October 23, 2006, relator, Juan Angel Guerra, filed a petition for a writ of
prohibition and a writ of mandamus requesting that this Court (1) issue a peremptory writ
to respondent, Larry Spence, in his capacity as Sheriff of Willacy County, Texas, forbidding
him from accepting any bonds from real party in interest, Connie and Fina's Bail Bond, and
(2) issue a peremptory writ to respondent, the Honorable Migdalia Lopez, presiding judge
of the 197th District Court of Willacy County, Texas, forbidding her from directing Sheriff
Larry Spence to accept bail bonds from Connie and Fina's Bail Bonds. (1) Relator also filed
a motion for temporary relief requesting that this Court temporarily issue peremptory writs
against respondents, Sheriff Larry Spence and the Honorable Magdalia Lopez. 

Mandamus is an extraordinary remedy, that will issue only to correct a clear abuse
of discretion or a violation of a duty imposed by law when there is no adequate remedy by
appeal. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005) (citing In re Prudential Ins.
Co. of Am., 148 S.W.3d 124,135 (Tex. 2004)); Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985); In re
Taylor, 113 S.W.3d 385, 389 (Tex. App.-Houston [1st Dist.] 2003, orig. proceeding).

A trial court abuses its discretion when it acts arbitrarily or unreasonably and without
reference to any guiding rules or principles. See Walker, 827 S.W.2d at 839; In re Taylor,
113 S.W.3d at 389. The abuse-of-discretion standard has different applications in different
circumstances. Walker, 827 S.W.2d at 839. Because a trial court has no discretion in
determining what the law is, which law governs, or how to apply the law, we review this
category of discretionary rulings de novo. See Walker, 827 S.W.2d at 840. In contrast,
when we review a ruling that results from the trial court's having resolved underlying facts,
we must defer to the trial's factual resolutions and any credibility determinations that may
have affected those resolutions and may not substitute our judgment for the trial court's
judgment in those matters. See id. at 839-40. 

Here, relator contends that respondent, the Honorable Magdalia Lopez, has
postponed any hearing or decision in the underlying proceeding seeking to enjoin the real
party in interest from making further bonds and the sheriff from accepting the bonds. 
While mandamus relief may be available to compel a hearing, relator has not requested 
this relief. Further, he has failed to show how he is entitled to the relief he is requesting,
as he has failed to provide any documents from the underlying proceeding showing that
respondent, the Honorable Magdalia Lopez, has committed a clear abuse of discretion. 
See Walker, 827 S.W.2d at 837 (the party seeking relief has the burden to provide a
sufficient record to establish entitlement to mandamus relief). 

As to respondent, Sheriff Larry Spence, this Court does not have jurisdiction to issue
a writ of mandamus against the Willacy County Sheriff under these facts because it is not
necessary to enforce this court's jurisdiction. Tex. Gov't Code Ann. § 22.221 (Vernon
2004).

 Regarding relator's writ of prohibition, section 22.221(a) of the Government Code
sets the limits of our jurisdiction to issue writs. See Tex. Gov't Code Ann. § 22.221(a)
(Vernon 2004). The statute provides, "Each court of appeals or a justice of a court of
appeals may issue a writ of mandamus and all other writs necessary to enforce the
jurisdiction of the court." Id. Under section 22.221(a) our authority to issue a writ of
prohibition "is limited to cases in which this Court has actual jurisdiction of a pending
proceeding." Faherty v. Knize, 764 S.W.2d 922, 923 (Tex. App.-Waco 1989, orig.
proceeding).

Based upon the limited record provided to us, we are unable to conclude that relator
has a clear right to the relief he seeks in his petition for writ of mandamus. Accordingly,
we deny the relief requested in the petition for mandamus. Regarding the petition for writ
of prohibition, we have no pending proceeding before us for which the issuance of a writ
of prohibition would be necessary to enforce our jurisdiction. Accordingly, we do not have
jurisdiction to issue the requested writ. Relator's petition for writ of prohibition is denied.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed this

the 13th day of November, 2006.





1. Relator also names the Honorable Menton Murray, Jr., the Judge assigned to determine a Motion
to Recuse Judge Migdalia Lopez, and the Willacy County Bail Bond Board as respondents. However,
relator fails to request any specific relief as to these parties.