ACCEPTED
14-15-00922-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/29/2015 4:02:13 PM
CHRISTOPHER PRINE
CLERK

No. _____-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/29/2015 4:02:13 PM
CHRISTOPHER A. PRINE
Clerk

### IN THE
### \_\_\_\_\_ COURT OF APPEALS
### HOUSTON, TEXAS

# IN RE AMERICAN RISK INSURANCE COMPANY, INC.

Original Proceeding from Cause No. 14-DVC-213947
In the 268th District Court of Fort Bend County, Texas
Honorable Brady G. Elliot, Presiding Judge

## PETITION FOR WRIT OF MANDAMUS

Kevin F. Risley
State Bar No. 16941200
Andrew L. Johnson
State Bar No. 24060025
George H. Arnold
State Bar No. 00783559
Thompson, Coe, Cousin & Irons, LLP
One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299
garnold@thompsoncoe.com
krisley@thompsoncoe.com
ajohnson@thompsoncoe.com

Spencer E. Dunn
State Bar No. 00797848
4669 Southwest Freeway, Suite 700
Houston, Texas 77027
Telephone: (713) 559-0705
Facsimile: (713) 481-8768
sdunn@americanriskins.com

**COUNSEL FOR RELATOR AMERICAN RISK INSURANCE COMPANY, INC.**

## IDENTITY OF PARTIES AND COUNSEL

Relator:               American Risk Insurance Company, Inc.

Relator's Counsel:     Kevin F. Risley
                       Andrew L. Johnson
                       George H. Arnold
                       Thompson, Coe, Cousin & Irons, LLP
                       One Riverway, Suite 1400
                       Houston, Texas 77056

                       Spencer E. Dunn
                       4669 Southwest Freeway, Suite 700
                       Houston, Texas 77027

Respondent:            The Honorable Brady G. Elliot
                       268th Judicial District Court Fort Bend County, Texas
                       301 Jackson Street
                       Richmond, Texas 77469

Real Party in Interest:   Hussam Barazi

Real Party in Interest's    Clint Brasher
Counsel:               Joe Muckleroy
                       P.O. Box 2237
                       Beaumont, Texas 77704

# TABLE OF CONTENTS

Page

Identity of Parties and Counsel .................................................................... i

Table of Contents ..................................................................................... ii

Table of Authorities ................................................................................ iii

Statement of the Case ..............................................................................iv

Statement of Jurisdiction ........................................................................iv

Issue Presented .......................................................................................v

Statement of Facts ...................................................................................1

Summary of Argument .............................................................................4

Argument.................................................................................................5

    I.       Mandamus Standard ......................................................................5

    II.      The Trial Court Clearly Abused Its Discretion by
           Denying ARI's Motion to Compel Appraisal ...................................5

          A.    Texas Law Strongly Favors Appraisal ......................................5

          B.    Application of Law to Facts ....................................................7

    III.   There Is No Adequate Remedy by Appeal ......................................12

Prayer ...................................................................................................12

Certificate of Service ..............................................................................14

Certificate of Compliance ........................................................................15

## Appendix

Trial Court's Order Denying Motion to Compel Appraisal

# TABLE OF AUTHORITIES

Page

*In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002) ......................... 5, 12

*In re GuideOne Mut. Ins. Co.*, 09-12-00581-CV, 2013 WL 257371
    (Tex. App.—Beaumont Jan. 24, 2013, no pet.) ...................................8, 9, 12

*In re GuideOne Nat'l Ins. Co.*, 07-15-00281-CV, 2015 WL 5766496,
    (Tex. App.—Amarillo Sept. 29, 2015, no. pet. h.) (mem. op.) ....................11

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004) .............................. 5

*In re Pub. Serv. Mut. Ins. Co.*, 03-13-00003-CV, 2013 WL 692441,
    (Tex. App.—Austin Feb. 21, 2013, no pet.) ................................... 7, 8, 9, 10

*In re Taylor*, 113 S.W.3d 385,
    (Tex. App.—Houston [1st Dist.] 2003, no pet.) ............................................ 4

*In re Texas Windstorm Ins. Ass'n*, 14-13-00632-CV, 2013 WL 4806996,
    (Tex. App.—Houston [14th Dist.] Sept. 10, 2013, no pet.) .................. 10, 12

*In re Universal Underwriters of Texas Ins. Co.*,
    345 S.W.3d 404 (Tex. 2011) ...................................................... v, 6, 8, 10, 12

*State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009) ...........................10, 11

## STATEMENT OF THE CASE

**Underlying Proceeding:**   This is a suit brought by Real-Party-in-Interest Hussam Barazi for claims allegedly arising from Relator American Risk Insurance Company, Inc.'s handling of an insurance claim.

**Respondent:**   The Honorable Brady G. Elliot, 268th Judicial District Court of Fort Bend County, Texas.

**Action from Which Relief Is Sought:**   On February 20, 2015, the trial court denied Relator's Motion to Compel Appraisal. R. Tab 5 at MANDAMUS 00189.[1]

## STATEMENT OF JURISDICTION

The Court has jurisdiction to issue a writ of mandamus in this case under Article V, Section 6 of the Texas Constitution, Section 22.221(b)(1) of the Texas Government Code, and Texas Rule of Appellate Procedure 52.

---

[1] "R." refers to the Record in Support of Petition for Writ of Mandamus filed with this petition. For the Court's convenience, the pages of the record are consecutively bates labeled in the lower right-hand corner beginning with MANDAMUS 00001.

# ISSUE PRESENTED

Relator American Risk Insurance Company, Inc. is entitled to a writ of mandamus ordering the trial court to grant Relator's motion to compel appraisal because it is well-settled "appraisals can provide a less expensive, more efficient alternative to litigation, and . . . should generally go forward without preemptive intervention by the courts." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011). Based on the importance and utility of appriasal clauses, Texas courts routinely grant conditional mandamus relief against trial courts that refuse to enfore appraisal clauses. Hence, it is inarguable that the trial court in the present case clearly abused its discretion by denying the motion to compel appraisal, and there is no adequate remedy by appeal for the erroneous denial of a motion to compel appraisal.

Relator American Risk Insurance Company, Inc. ("ARI") issued a Texas homeowner's insurance policy to Real-Party-in-Interest Hussam Barazi, covering his house ("the Property") with an effective date of March 27, 2012 through March 27, 2013 ("the Policy"). R. Tab 1A at MANDAMUS 00009. Pertinently, the Policy contains the following appraisal provision:

> 7. **Appraisal.** If you [Barazi] or we [ARI] fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item. If you and we request that they do so, the appraisers will also set:
>
> > a. The full replacement cost of the dwelling.
> >
> > b. The full replacement cost of any other building upon which loss is claimed.
> >
> > c. The full cost of repair or replacement of loss of such building, without deduction for depreciation.
>
> If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.
>
> Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

*See* R. Tab 1A at MANDAMUS 00044–00045.[2]

---

[2] The appraisal provision located at R. Tab 1A at MANDAMUS 00044–00045 is found within an endorsement that replaces the appraisal clause located at R. Tab 1A at MANDAMUS 00025–

In or around early February 2013, Barazi submitted a claim with ARI for alleged Property damage caused by a hail storm on June 11, 2012. R. Tab 1B at MANDAMUS 00063. On February 12, 2013, independent adjuster Chris Cotter inspected the Property. R. Tab 1C at MANDAMUS 00066–00067. Cotter drafted an estimate that included amounts to repair certain portions of the Property. R. Tab 1C. at MANDAMUS 00066. Because Cotter's estimated allowance for repairs did not exceed Barazi's deductible, Cotter recommended ARI not make any payment. R. Tab 1C at MANDAMUS 00068. On February 15, 2013, ARI sent a letter to Barazi explaining, "At this time no payment will be issued because the Actual Cash Value of the repairs is below your deductible." R. Tab 1D at MANDAMUS 00119. On or around March 11, 2013, Barazi's public adjuster prepared a report containing a preliminary repair cost assessment that exceeded Cotter's estimate. R. Tab 1E at MANDAMUS 00136.

Thereafter, Cotter re-inspected the Property and, on May 7, 2013, issued a supplemental estimate in which he recommended ARI not make any payment because the loss occurred outside the policy period. R. Tab 1F at MANDAMUS 00137. On May 10, 2010, ARI received a forensic meteorologist's report that hail damage did not occur to the Property during the policy period. R. Tab 1G at MANDAMUS 00163. On May 13, 2013, ARI sent Barazi a letter explaining

00026. For purposes of compelling appraisal and this original proceeding, there is no material difference between the provisions.

Cotter's and the meteorologist's findings and advising that ARI would not be paying Cotter's claim. R. Tab 1H at MANDAMUS 00167.

Almost a year later, on April 14, 2014, Barazi filed his Original Petition against ARI, asserting claims for breach of contract, violations of the Deceptive Trade Practices Act and Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud. R. Tab 2 at MANDAMUS 00171. After being served with the Original Petition, ARI filed an answer. R. Tab 3 at MANDAMUS 00184.

On October 7, 2015, ARI properly transmitted to Barazi notice that ARI was invoking its contractual right to appraisal. R. Tab 1I at MANDAMUS 00169. On October 13, 2015, Barazi notified ARI that he was opposed to participating in the appraisal, arguing that ARI's demand is untimely and appraisal is inappropriate because there is no dispute as to the amount of loss. R. Tab 1J at MANDAMUS 00170.

On October 14, 2015, ARI filed its Motion to Compel Appraisal with supporting exhibits. *See* R. Tab 1 and R. Tabs 1A–1J. ARI's Motion to Compel Appraisal was set for an oral hearing on October 30, 2015 at 9:00 a.m. R. Tab 4 at MANDAMUS 00187. Nevertheless, prior to the hearing, and before Barazi filed a response, the trial court *sua sponte* signed an order on October 22, 2015 denying the Motion to Compel Appraisal. *See* R. Tab 5 at MANDAMUS 00189.

On October 27, 2015, Barazi filed a response to the Motion to Compel Appraisal.  R. Tab 6 at MANDAMUS 00190.[3]

Docket call for this lawsuit is presently set for November 13, 2015, and a jury trial is set for November 16, 2015.  R. Tab 7 at MANDAMUS 00243.  This is the first trial setting.  ARI intends on filing in the trial court an emergency motion to stay trial pending the outcome of this petition for writ of mandamus.  If the trial court denies the emergency motion, ARI intends on filing an emergency motion to stay with this Court.

## SUMMARY OF ARGUMENT

This is a simple petition for the Court to resolve because Texas precedent inarguably establishes that ARI is entitled to mandamus relief.  The trial court clearly abused its discretion by denying ARI's Motion to Compel Appraisal because the appraisal clause was binding and enforceable and had not been waived. ARI did not unreasonably delay its demand for appraisal.  Moreover, Barazi has not established that he was prejduced by any delay.  Finally, ARI has no adequate

---

[3] ARI includes Barazi's response in the mandamus record as a matter of courtesy.  However, the Court may not consider the response in resolving this original proceeding because the response was filed after the trial court issued the order that is the subject of this petition.  *See In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("In an original proceeding on petition for writ of mandamus, we must focus on the record that was before the trial court. We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding." (citation omitted)).  Regardless, none of the arguments raised or evidence cited in the response defeats ARI's right to invoke appraisal.

remedy by appeal because the trial court's denial vitiated ARI's ability to defend against Barazi's claims.

## ARGUMENT

### I.    Mandamus Standard

To be entitled to mandamus relief, a litigant must show (1) the trial court clearly abused its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004).

### II.    The Trial Court Clearly Abused Its Discretion by Denying ARI's Motion to Compel Appraisal

#### A.    Texas Law Strongly Favors Appraisal

Over a decade ago, the Supreme Court of Texas considered an insurers' request for mandamus relief regarding the trial court's denial of the insurers' motion to compel appraisal. *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002). The subject insurance policy contained an appraisal clause which could be invoked by the insurers or insureds (as does Barazi's Policy). *Id.* at 195. The insureds filed suit against the insurers, asserting claims for fraud, violations of the Deceptive Trade Practices Act and Texas Insurance Code, breach of the duty of good faith and fair dealing, breach of contract, and civil conspiracy. *Id.* Thereafter, the insurers filed a motion to compel appraisal. *Id.* The trial court denied the motion, concluding it was unenforceable as a matter of law. *Id.*

In a straightforward and simple opinion, the Supreme Court held that the trial court clearly abused its discretion because Texas has long enforced appraisal clauses. *Id.* at 195–96. The Court also held that no adequate appellate remedy existed because preventing the insurers from exercising their contracted-for right to appraisal vitiated their ability to defend against the insureds' claim for breach of contract. *Id.* at 196.

In 2011, the Supreme Court again conditionally granted an insurer's request for mandamus relief from the trial court's denial of a motion to compel appraisal. *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404 (Tex. 2011). In addressing whether the insurer waived its right to invoke the appraisal clause, the Court explained the significant benefit of appraisal: "Appraisals can provide a less expensive, more efficient alternative to litigation, and . . . should generally go forward without preemptive intervention by the courts." *Id.* at 407 (citation omitted) (noting further, "Indeed, appraisals have proceeded for well over a century with little judicial involvement.").

The Court, recognizing that waiver is the intentional relinquishment of known right or intentional conduct inconsistent with claiming that right, determined that a party may waive its right to appraisal if the party does not invoke the clause within a reasonable time after the "point of impasse." *Id.* at 408–10.

The Court defined "impasse" as "a mutual understanding that neither [party] will negotiate further." *Id.* at 410.

The Court also held that, before waiver is established, the party claiming waiver must prove it was prejudiced by the other party's unreasonable delay in demanding appraisal. *Id.* at 411. "If the insured has suffered no prejudice due to delay, it makes little sense to prohibit appraisal when it can provide a more efficient and cost-effective alternative to litigation." *Id.*

## B. Application of Law to Facts

It was Barazi's burden to prove that ARI waived its right to invoke the appraisal process. *In re Pub. Serv. Mut. Ins. Co.*, 03-13-00003-CV, 2013 WL 692441, at *5 (Tex. App.—Austin Feb. 21, 2013, no pet.) ("[T]the burden of showing waiver is on the party challenging the right to appraisal."). It is inarguable Barazi did not meet this burden because he did not file a response to ARI's Motion to Compel appraisal prior to the trial court's denial of the motion. Moreover, the mandamus record proves ARI did not waive appraisal.

First, impasse never occurred before ARI demanded appraisal. Impasse did not occur in May 2013 when ARI sent its decision letter to Barazi because nothing in the letter affirmatively indicated ARI would not consider additional requests for resolution. In fact, ARI expressly stated additional information would be considered:

> If there is information you think was not considered, please submit for us to review. By specifying these grounds, [ARI] does not intend to waive, but hereby expressly reserves all of its rights and defenses under this insurance policy.
>
> Because you are a valued customer, it is important to us that you fully understand the information provided herein. If you have any questions concerning this matter, please contact us.

R. Tab 1H at MANDAMUS 00168; *see In re Pub. Serv.*, 2013 WL 692441, at *6 (concluding insurer did not unconditionally deny claim because "[insurer] invited further information to evaluate the claim in the event of [insured's] disagreement with [insurer's] estimate of the loss"). There is nothing else in the mandamus record that indicates either party made an unconditional denial of recovery prior to ARI demanding appraisal. *See Universal Underwriters*, 345 S.W.3d at 410 (recognizing neither party ever expressed that it refused to discuss resolution further); *In re GuideOne Mut. Ins. Co.*, 09-12-00581-CV, 2013 WL 257371, at *1 (Tex. App.—Beaumont Jan. 24, 2013, no pet.) (per curiam) ("The mandamus record contains no explicit rejection of appraisal by GuideOne."). "We will not infer waiver where neither explicit language nor conduct indicates that such was the party's intent." *Universal Underwriters*, 345 S.W.3d at 410.

Second, even if impasse did occur at the time Barazi filed suit in April 2014 (or before), ARI did not wait an unreasonable length of time to demand appraisal by making demand in October 2015. The Beaumont Court of Appeals has held that an insurer did not wait an unreasonable time to invoke appraisal when it made

its demand ***over four years after suit was filed and two months before the trial setting***. *In re GuideOne*, 2013 WL 257371, at \*1–2. There, the insurer filed an answer in 2007 but did not invoke the appraisal process until May 2012, shortly before the July 2012 trial setting. *Id.* Nevertheless, the court of appeals explained that no evidence supported waiver because nothing in the mandamus record proved the insurer made an explicit rejection of appraisal. *Id.* at \*1.

Similarly, the Austin Court of Appeals concluded that, even if impasse occurred when suit was filed in March 2012, an insurer's invocation of appraisal on September 19, 2012—one month before the October 22, 2012 trial setting—was not made an unreasonable time after impasse. *In re Pub. Serv.*, 2013 WL 692441, at \*2, \*5. Furthermore, as in both *In re GuideOne* and *In re Public Service*, the appraisal clause in the Policy here placed no time limit on when appraisal could be invoked. *See* 2013 WL 257371, at \*1; 2013 WL 692441, at \*5.

Third, even if ARI did wait an unreasonable time after impasse to demand appraisal, no waiver occurred because Barazi has not met his burden of establishing that the delay caused him prejudice. There is nothing in the mandamus record that supports a finding of prejudice. Further, the Supreme Court has recognized the seeming impossibility of proving prejudice when the appraisal clause provides both parties an equal ability to demand appraisal:

> Moreover, it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same

> opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself. This could short-circuit potential litigation and should be pursued before resorting to the courts.

*In re Universal Underwriters*, 345 S.W.3d at 412.

Fourth, the appraisal process was not waived or rendered inapplicable on the basis that ARI is contesting coverage only and not the amount of any loss. First, this is incorrect. There is no evidence in the mandamus record that proves ARI definitively agrees in whole or part with Barazi's public adjuster's damages estimate. Instead, the evidence shows there is a disparity between Cotter's estimate and the public adjuster's estimate. *Compare* R. Tab 1C, *with* R. Tab 1E.

Moreover, even if coverage is disputed, ARI is still entitled to invoke the appraisal process: "Any appraisal necessarily includes some causation element because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 892 (Tex. 2009). "Appraisers must allocate damages between covered and excluded perils; causation always is a consideration because an appraisal is for damages caused by a particular occurrence." *In re Texas Windstorm Ins. Ass'n*, 14-13-00632-CV, 2013 WL 4806996, at *2 (Tex. App.—Houston [14th Dist.] Sept. 10, 2013, no pet.) (per curiam) (mem. op.); *In re Pub. Serv.*, 2013 WL 692441, at *4 ("[C]ausation must always be a consideration for appraisers, at least initially, because an appraisal is

for damages caused by a particular occurrence, not every repair that a property might require."). Obviously, if appraisals were limited to a determination of damages without consideration of whether the damages were covered, the appraisal would be useless to the parties:

> [If] appraisers can never allocate damages between covered and excluded perils, then appraisals can never assess hail damage unless a roof is brand new. That would render appraisal clauses largely inoperative, a construction we must avoid.

*Johnson*, 290 S.W.3d at 892–93.

Fifth and finally, regardless of ARI's actions, ARI did not waive its right to appraisal because of the Policy's non-waiver clause:

> 4. **Waiver or Change of Policy Provisions**. Changes in this policy may be made and perils added only by attaching a written endorsement properly executed by our authorized agent. No provision of this policy may be waived unless the terms of the policy allow the provision to be waived. Our request for an appraisal or examination will not waive any of our rights.

*See* R. Tab 1A at MANDAMUS 00033. The Policy contains no endorsement waiving or removing the appraisal clause.

Only one month ago, the Amarillo Court of Appeals recognized that non-waiver clauses "have long been held to be valid" and, because the policy contained a similar non-waiver clause, held that the trial court clearly abused its discretion by finding the insurer waived appraisal. *In re GuideOne Nat'l Ins. Co.*, 07-15-00281-CV, 2015 WL 5766496, at *3 (Tex. App.—Amarillo Sept. 29, 2015, no. pet. h.)

(mem. op.); *see also In re GuideOne Mut. Ins. Co.*, 2013 WL 257371, at \*1 ("The policy also expressed the parties' intention that waiver not be implied, as the insurance policy expressly provides that the policy's terms 'can be amended or waived only by endorsement issued by us and made a part of this policy.'").

In sum, for the foregoing five separate reasons, the trial court clearly abused its discretion by denying ARI's Motion to Compel Appraisal.

## III. There Is No Adequate Remedy by Appeal

ARI cannot obtain any adequate remedy by appeal because it is well-settled that a trial court's denial vitiates an insurer's ability to defend against the insured's breach-of-contract claims. *See In re Allstate*, 85 S.W.3d at 196 (holding no adequate appellate remedy existed because trial court's denial of motion to compel appraisal vitiated insurer's ability to defend against the insureds' claim for breach of contract); *see also In re Universal Underwriters*, 345 S.W.3d at 412 (same); *In re Texas Windstorm*, 2013 WL 4806996, at \*1–2 (same). "[D]enying an appraisal altogether deprives [an insurer] of a contractual right that cannot be remedied by appeal." *In re GuideOne*, 2013 WL 257371, at \*2. Therefore, ARI has proved it has no adequate remedy by appeal.

### PRAYER

The trial court clearly abused its discretion by denying Relator American Risk Insurance Company, Inc.'s Motion to Compel Appraisal and there is no

adequate appellate remedy for this erroneous ruling. Accordingly, Relator respectfully requests that the Court grant this Petition, order the trial court (1) to withdraw its October 20, 2015 order denying the Motion to Compel Appraisal, (2) to enter an order granting the Motion to Compel Appraisal, and (3) grant Relator all other relief to which they are justly entitled, including an award of their costs.

Respectfully submitted,

*/s/ Kevin F. Risley*_____
Kevin F. Risley
State Bar No. 16941200
Andrew L. Johnson
State Bar No. 24060025
George H. Arnold
State Bar No. 00783559
Thompson, Coe, Cousin & Irons, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
garnold@thompsoncoe.com
krisley@thompsoncoe.com
ajohnson@thompsoncoe.com

Spencer E. Dunn
State Bar No. 00797848
4669 Southwest Freeway, Suite 700
Houston, Texas 77027
Telephone: (713) 559-0705
Facsimile: (713) 481-8768
sdunn@americanriskins.com

**COUNSEL FOR RELATOR AMERICAN RISK INSURANCE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the following via certified mail, return receipt requested, on this, the 29th day of October 2015.

The Honorable Brady G. Elliot
268th Judicial District Court Fort Bend County, Texas
301 Jackson Street
Richmond, Texas 77469
*Respondent*

Clint Brasher
Joe Muckleroy
P.O. Box 2237
Beaumont, Texas 77704
*Counsel for Real Party in Interest*

/s/ Kevin F. Risley_____
Kevin F. Risley

- 14 -

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of approximately 4,249 words, based upon the representation provided by the word processing program that was used to create the document.

*/s/ Kevin F. Risley*
Kevin F. Risley

# VERIFICATION

STATE OF TEXAS §

§

COUNTY OF HARRIS §

Before me, the undersigned authority, on this day personally appeared Spencer E. Dunn who, after being duly sworn upon his oath, stated as follows:

1. My name is Spencer E. Dunn. I am over the age of twenty-one, of sound mind, and in all ways competent to make this affidavit.

2. I am one of the attorneys of record for Relator American Risk Insurance Company, Inc. in the underlying case that gave rise to this proceeding.

3. I have read the foregoing Petition for Writ of Mandamus. The factual allegations set forth in the Petition are within my personal knowledge, based upon my involvement in the case. Every factual statement in the Petition is supported by competent evidence included in the record.

4. All of the information set forth in this verification is within my personal knowledge and is true and correct.

Spencer E. Dunn

Subscribed and sworn to before me on October 29 , 2015.

Notary Public in and for the
State of Texas

JEFFREY D. ROBERTS
Notary Public, State of Texas
My Commission Expires
October 05, 2017

# APPENDIX

14 – DCV – 213947
ORDER
Order
3834844

Filed
10/14/2015 2:48:08 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Leslie Melgar

## CAUSE NO. 14-DCV-213947

| | | |
|---|---|---|
| HUSSAM BARAZI | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| V. | § | 268TH JUDICIAL DISTRICT COURT |
| | § | |
| AMERICAN RISK INSURANCE | § | |
| COMPANY, INC. | § | |
| *Defendant* | § | FORT BEND COUNTY, TEXAS |
| | § | |

### ORDER ON DEFENDANT'S MOTION TO COMPEL APPRAISAL

After considering Defendant American Risk Insurance Company's Motion to Compel Appraisal and the response, if any, the evidence on file, and arguments of counsel, the court GRANTS the motion.

ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Compel Appraisal is GRANTED. It is further,

ORDERED, ADJUDGED AND DECREED that the property be inspected by the appraisers within thirty days. It is further,

ORDERED, ADJUDGED AND DECREED that the completion of the appraisal is to be completed within 60 days. It is further,

ORDERED, ADJUDGED AND DECREED that this proceeding is stayed until the appraisal process is complete

Signed the _____ day of _____, 2015.

_____
PRESIDING JUDGE

ROUTED TO COURT 10/16/15
RT'D TO D. CLERK OCT 2 3 2015

MANDAMUS 00189

**Local Rule Notice of and Assignment of Related Case in Appeals**

As required by the Local Rules Relating to Assignment of Related Cases to and Transfers of Related Cases between the First and Fourteenth Courts of Appeals, I certify that the following related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals:

[X]   None

[ ]   Caption:                           _____

      Trial court
      case number:                       _____

      Appellate court
      case number:                       _____


                          /s/ Andrew L. Johnson
                          [Signature of certifying attorney or pro se party]


                          October 29, 2015
                          [Date]