COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    In re Caroline Chikere

Appellate case number:   01-16-00206-CV

Trial court case number:   14-DCV-214132

Trial court:        387th District Court of Fort Bend County

On March 9, 2016, the relator, Caroline Chikere, filed a mandamus petition seeking to vacate the respondent trial judge's January 19, 2016 order granting motion for new trial, and to reinstate the default final decree of divorce, signed on May 5, 2015, and an emergency motion seeking a stay of the April 25, 2016 trial pending resolution of her petition. On March 10, 2016, this Court granted the relator's motion to stay the trial and requested a response to the mandamus petition by the real party in interest ("RPI"), Oakey Chikere, within thirty days of the date of that order.

On April 11, 2016, the RPI filed a combined motion to abate and first motion for extension of time to file his response to the mandamus petition. The RPI claims that although the "sole basis for Relator['s] Petition . . . is her contention that the trial judge did not sign a written order granting a new trial while the trial court had plenary jurisdiction," the trial judge did sign a written order while it still had plenary jurisdiction, but that order has since been lost or destroyed. The RPI contends that a copy of the original written order, purported to be signed on July 27, 2015 by Associate Judge Perwin, may be substituted by the trial court as the original after a hearing. *See* TEX. R. CIV. P. 77 ("When any papers or records are lost or destroyed during the pendency of a suit, the parties may, with the approval of the judge, agree in writing on a brief statement of the matters contained therein; or either party may supply such lost records or papers. . . ."); *see also* TEX. R. APP. P. 34.5(e) ("If the parties cannot agree [on the missing item], the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.").

Thus, the RPI seeks a thirty-day extension of time to file his response to the petition until May 11, 2016, because he also seeks an abatement of this original proceeding for the trial court to consider ruling on the RPI's "Motion to Substit[ut]e Copy of Order Granting Motion for New Trial for Missing Original." The RPI further asserts that, if the trial court grants the RPI's motion to substitute, that would require this Court to deny relator's mandamus petition as meritless. *See* RPI's Mot. to Abate and First Mot. for Ext. of Time to File Resp. to Pet. for Writ of Mandamus at 10 (citing *In re Taylor*, 113 S.W.3d 385, 390 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding)).

Accordingly, the Court **grants** the RPI's first motion for extension of time to file his response to the mandamus petition until May 11, 2016. Because the RPI's counsel's certificate of conference in his motion states that he was unable to reach counsel for the relator regarding this motion, this Court requests a response to the RPI's motion to abate by the relator. The response, if any, shall be filed **within 7 days from the date of this order**. *See* TEX. R. APP. P. 2, 10.1(a)(5), 10.3(a)(2).

It is so ORDERED.

Judge's signature: /s/ Laura Carter Higley

☒  Acting individually

Date:  April 12, 2016