**Order entered October 27, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00957-CV**

**NEAL YANOFSKY, Appellant**

**V.**

**BUFF CITY SOAP INVESTCO, LLC, MICHAEL SUTTON AND
GUIDEBOAT CAPITAL PARTNERS, LLC, Appellees**

**On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-20-09871**

**ORDER**

It is well-settled that the timely filing of a notice of appeal is jurisdictional and an untimely appeal must be dismissed. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g); *see also* TEX. R. APP. P. 42.3(a). Under Texas Rule of Appellate Procedure 26, a notice of appeal must generally be filed within thirty days of the date of judgment or, if certain post-judgment motions are filed, within ninety days of the date of judgment. *See* TEX. R. APP. P. 26, 26.1.

The appeal here was filed September 22, 2022 and challenges a judgment dated August 25, 2021. Based on the date of judgment, the appeal is untimely. The clerk's record, however, includes a copy of an agreed motion for judgment nunc pro tunc filed in the trial court on September 20, 2022, seeking to have the date of the judgment corrected to August 25, 2022, the date the judgment was allegedly signed. *See In re Taylor*, 113 S.W.3d 385, 393 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("[A] judgment nunc pro tunc may be issued to correct the date an order was signed if the original date is shown to have been incorrect."). The record does not reflect that the motion has been set for hearing, but an appellate court cannot dismiss an appeal based on a trial court error that is remediable. *See* TEX. R. APP. P. 44.4. Accordingly, we **ORDER** the trial court to determine the agreed motion **no later than November 14, 2022**. *See id.* A supplemental clerk's record containing a copy of the trial court's order, any nunc pro tunc judgment, and the trial court's docket sheet, shall be filed **no later than November 16, 2022**. We caution appellant that the appeal will be dismissed without further notice should the trial court not find the date of judgment is incorrect. *See* TEX. R. APP. P. 42.3(a); *Brashear*, 302 S.W.3d at 545.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Gena Slaughter, Presiding Judge of the 191st Judicial District Court; Dallas County District Clerk Felicia Pitre; and, the parties.

We **SUSPEND** the deadline for the filing of appellant's brief and **ABATE** the appeal to allow the trial court an opportunity to comply with this order. The appeal will be reinstated no later than November 21, 2022.

/s/    BONNIE LEE GOLDSTEIN
JUSTICE