**Opinion issued February 13, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-13-00037-CV**

_____

**IN RE KENNY BATES D/B/A BATES BACKHOE SERVICE, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**O P I N I O N**

Relator, Kenny Bates *d/b/a* Bates Backhoe Service, petitioned for writ of mandamus, seeking to compel the trial court to set aside its order granting the motion for new trial filed by real party in interest, Jacob Walker.[1] In four issues, Bates contends that the trial court clearly abused its discretion when it (1) signed

---

[1] The underlying lawsuit is *Jacob Walker v. Kenny Bates d/b/a Bates Backhoe Service*, No. 11-CV-0328 (212th Dist. Ct., Galveston Cnty., Tex.).

the order granting a new trial after its plenary power had expired; (2) purportedly granted a new trial based on factual sufficiency grounds, but applied the legal sufficiency standard in the new trial order; (3) granted a new trial based on factual sufficiency grounds when substantial evidence supported the jury's findings; and (4) signed an order granting Walker's motion for nunc pro tunc relief despite the temporary stay imposed by this Court.

We conditionally grant the petition for writ of mandamus.

## Background

Walker and Bates were both working on a construction project at Texas City High School in January 2011. Walker, an electrician, alleged that he was taking measurements in a ditch while Bates was operating a backhoe in the vicinity. According to Walker, Bates "moved the backhoe up behind Mr. Walker, splitting the ditch, with the boom of the backhoe fully extended. This caused the side wall on the ditch to collapse, which then caused the backhoe to fall over into the ditch, crushing Mr. Walker." Walker sued Bates for negligence and sought actual and exemplary damages. Bates designated Drymalla Construction Company, the contractor on the project, and LECS, Ltd., an electrical subcontractor and Walker's employer, as responsible third parties.

The jury found that the negligence of Bates, LECS, and Walker proximately caused the occurrence in question. The jury apportioned 50% negligence to Bates

2

and 25% to both LECS and Walker. The jury ultimately awarded $129,129 in damages to Walker. On August 15, 2012, the trial court signed a final judgment, rendering judgment for Walker in the amount of $64,564.50 in damages and $4,537.12 in pre-judgment interest.

On September 13, 2012, Walker moved for a new trial, arguing that the jury's findings that he and LECS were negligent were against the great weight and preponderance of the evidence. The trial court held a hearing on this motion on October 23, 2012. At the close of this hearing, the trial court orally granted the motion for new trial, but it did not sign a written order explicitly granting the motion at this time. Instead, the trial court made a docket entry noting that it had granted Walker's motion for new trial. The docket sheet also reflected that the court issued a new docket control order on November 15, 2012, which set the case for trial in April 2013. The mandamus record contains a signed written order granting the motion for new trial, but this order is dated December 21, 2012, a date that undisputedly falls outside of the trial court's plenary-power period.[2]

---

[2] The docket sheet contains the following notations relevant to this mandamus proceeding:
- 10/23/2012 Motion for New Trial
  Result: Granted
- 10/25/2012 Check Status
  Need dco/new jtrl 4/29/13 ptc 4/22/13 need new trial order
- 11/06/2012 Proposed Order
- 11/13/2013 Correspondence from Attorney
- 11/15/2012 Docket Control Order

3

Bates then petitioned this Court for a writ of mandamus. On February 4, 2013, this Court granted Walker's motion to stay all proceedings in the trial court pending our resolution of Bates' mandamus petition. We stayed, until further order of this Court, all underlying proceedings.

On March 4, 2013, one month after we entered our stay order, Walker filed a motion in the trial court seeking nunc pro tunc relief.[3] Walker argued that, after the motion for new trial hearing, he filed a proposed order granting a new trial with the trial court. He argued that his counsel "diligently followed up with" the trial court concerning the signing of the order and that, during the court's plenary-power period, the trial court's staff "indicated to [Walker's] counsel's staff that the order had been signed and had been routed to the District Clerk's office for imaging." Walker's counsel contacted the District Clerk's office, which informed counsel that it did not have the order, and it "re-directed [Walker's] counsel's office back to" the trial court's office, which informed him that it "could not locate the signed Order either." Walker finally received a signed order dated December 21, 2012, which "clearly suggested" that the trial court had re-signed the new trial order. Walker thus argued that nunc pro tunc relief was appropriate to reflect that

- 11/16/2012 Copy of Notice
- 12/21/2012 Court Coordinator's Case Notes
  New Trial order signed by Judge Criss

[3]  Walker supported this motion with the affidavit of Elisa Villarreal, a legal assistant for Walker's counsel.

4

the trial court originally signed the order granting Walker a new trial on a date within the trial court's plenary-power period.

On March 18, 2013, the trial court signed an order granting nunc pro tunc relief. The order stated:

> After considering Plaintiff's Motion for Nunc Pro Tunc Relief, the Court is of the opinion that Plaintiff's Motion for Nunc Pro Tunc Relief should be GRANTED. The Court granted Plaintiff's Motion for New Trial and signed a written order within the Court's plenary period. Due to a clerical error, the Court had to resign a written order after the expiration of the plenary period. The Court now ORDERS that Nunc Pro Tunc relief is proper, that it has jurisdiction over the case, and that the Court's docket control order remains valid, subject to the Appellate Court's stay of this Court's proceedings.

The trial court did not state in this order the date during the plenary-power period on which it purportedly signed a written order granting a new trial, nor did it sign and file new trial order reflecting the corrected date. Bates then moved for leave to file a supplemental mandamus petition in order to challenge the validity of the order on several grounds, including arguing that the order violated our temporary stay. We granted leave for Bates to supplement his petition.

**Standard of Review**

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding) (per curiam). A trial court commits a clear abuse of discretion when its action is "so arbitrary and

5

unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Mandamus relief is appropriate when a trial court has acted after its plenary power has expired. *In re Lovito-Nelson*, 278 S.W.3d 773, 776 (Tex. 2009) (orig. proceeding) (per curiam) (citing *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) and *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000)).

### New Trial Order Signed Outside Plenary-Power Period

#### A.      *Signing of New Trial Order*

If a motion for new trial is not determined by written order signed within seventy-five days after the judgment was signed, the motion shall be considered overruled by operation of law on expiration of that time period. *See* TEX. R. CIV. P. 329b(c); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding) (per curiam); *In re Taylor*, 113 S.W.3d 385, 390 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). If a party timely files a motion for new trial, the trial court has plenary power to grant a new trial until thirty days after all such timely filed motions are overruled, either by a written and signed order or by

operation of law, whichever occurs first. TEX. R. CIV. P. 329b(e); *Faulkner*, 851 S.W.2d at 188; *In re Taylor*, 113 S.W.3d at 390.

Courts have repeatedly held that Rule 329b requires a signed written order to grant a new trial. *In re Lovito-Nelson*, 278 S.W.3d at 775; *Horizon/CMS Healthcare Corp. v. Fischer*, 111 S.W.3d 67, 68 (Tex. 2003) (per curiam) ("We also decline respondent's request . . . that we overrule our precedent (and ignore Texas Rule of Civil Procedure 329b) requiring written orders granting new trials."); *Faulkner*, 851 S.W.2d at 188 ("An order granting a new trial . . . must be written and signed."); *In re N. Natural Gas Co.*, 327 S.W.3d 181, 185 (Tex. App.—San Antonio 2010, orig. proceeding); *In re Taylor*, 113 S.W.3d at 389–90 ("Texas Rule of Civil Procedure 329b requires a written order to effectively grant a new trial."). Courts have also held that neither a trial court's oral pronouncement granting a motion for new trial, nor a docket entry indicating that such a motion was granted, nor a written order setting the case for trial are permissible substitutes for a signed, written order adjudicating the merits of the motion for new trial as required by Rule 329b. *Faulkner*, 851 S.W.2d at 188; *Olmos v. Olmos*, 355 S.W.3d 306, 310 (Tex. App.—El Paso 2011, no pet.) ("A trial judge's oral pronouncement granting a motion for new trial and a docket entry indicating that the motion was granted cannot substitute for a written order required by Rule 329b. This is true even when the oral pronouncement is accompanied by a written

7

scheduling order setting the case for trial."); *Estate of Townes v. Wood*, 934 S.W.2d 806, 807 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) ("The written signed order setting the case for trial is not a substitute for a written, signed order granting a motion for new trial because the order setting the case for trial does not adjudicate the merits of the motion for new trial.").

As the Texas Supreme Court noted in *In re Lovito-Nelson*,

It is important that the requirement of a written order granting a motion for new trial be a bright-line rule. Otherwise, one might argue that all sorts of conduct should be given the same effect—a trial setting or other setting, a status conference, a hearing on a discovery motion, a request for discovery—the list is endless.

278 S.W.3d at 775. Thus, if the trial court does not sign a written order explicitly granting the motion for new trial, that motion is overruled by operation of law seventy-five days after the trial court signed the judgment, and the trial court's plenary power expires thirty days after that. *See Faulkner*, 851 S.W.2d at 188; *Olmos*, 355 S.W.3d at 311 ("Since the trial court never signed a written order granting the motion for new trial, it was overruled by operation of law seventy-five days after the judgment was signed."); *see also Estate of Townes*, 934 S.W.2d at 807 ("The question is whether the trial court signed an order *determining the merits of the motion for new trial* before losing jurisdiction. It did not.") (emphasis in original).

Here, the trial court signed its final judgment on August 15, 2012. Walker timely moved for a new trial on September 13, 2012. The trial court thus had seventy-five days from the signing of the judgment, or until October 29, 2012, to sign a written order granting a new trial before Walker's new trial motion was overruled by operation of law, and it had an additional thirty days, or until November 28, 2012, before its plenary power expired. The mandamus record reflects that, although the trial court held a hearing and orally granted Walker's motion for new trial on October 23, 2012, and issued a docket control order on November 15, 2012, setting the case for trial in April 2013, it did not sign a written order granting Walker's motion for new trial until December 21, 2012, after its plenary power had expired.

In response to Bates' petition for writ of mandamus, Walker states that although the signed order on file with the district clerk's office is dated December 21, 2012, "there is evidence the Trial court signed an order granting Mr. Walker a new trial much earlier." Walker contends that, after filing a proposed order with the court on November 5, 2012, his counsel's office "diligently followed up with" the trial court's office. Within the plenary-power period, the trial court's office allegedly communicated to Walker's counsel's office that an order had been signed and sent to the district clerk for imaging; however, when Walker's counsel contacted the clerk's office, it advised him that it did not have the order and it "re-

directed Mr. Walker's counsel's office back to the Trial Court." Walker substantiated this contention with the affidavit of Elisa Villarreal, a legal assistant at his counsel's office, and he urges this Court to accept Villarreal's affidavit as evidence that the trial court signed a written order granting a new trial within its plenary-power period. We decline to do so.

The Texas Supreme Court made it clear in *In re Lovito-Nelson* that, to grant a new trial, Rule 329b requires a written order signed by the trial court within the plenary-power period and that this requirement is a "bright-line rule." 278 S.W.3d at 775; *Estate of Townes*, 934 S.W.2d at 807 (holding that signed written order must explicitly adjudicate merits of motion for new trial). The mandamus record here includes a signed written order granting a motion for new trial, but this order was undisputedly signed outside the plenary-power period. The only indication that the trial court signed a written order granting Walker's motion for new trial within the plenary-power period is an affidavit sworn to by an employee of Walker's counsel's office, and this affidavit does not identify the date that the trial court allegedly signed the new trial order; instead, the affidavit states only that the order was allegedly signed at some point before the plenary-power period expired. We will not credit this affidavit over the new trial order itself, which clearly reflects that it was signed on December 21, 2012.

We therefore hold that because the order granting Walker's motion for new trial was signed outside the trial court's plenary-power period, the order is void. *See In re Taylor*, 113 S.W.3d at 390.

### B.     Trial Court's Nunc Pro Tunc Order

In his response to Bates' mandamus petition, Walker pointed out that he had filed a motion for nunc pro tunc relief with the trial court to correct the date on which the trial court signed the order granting his motion for new trial. Walker filed this motion with the trial court on March 4, 2013, one month after this Court stayed the underlying proceedings, at Walker's request, until further order of this Court pending disposition of Bates' mandamus petition. The trial court granted this motion on March 18, 2013, ruling that it had granted Walker's new trial motion and signed a written order to that effect within its plenary-power period and that, due to a clerical error, it had to re-sign a written order after its plenary-power period had expired. This order did not state the specific date within the plenary-power period on which the trial court purportedly signed the order granting a new trial, and the trial court did not issue a new order granting a new trial that reflected a signing date within the plenary-power period. *See Daniels v. Comm'n for Lawyer Discipline*, 142 S.W.3d 565, 573 (Tex. App.—Texarkana 2004, no pet.) ("A nunc pro tunc judgment, although signed later, relates back to the date of the original judgment and is effective as of the earlier date."); *In re Taylor*, 113

11

S.W.3d at 393 (stating, in case involving question of whether new trial order was signed outside plenary-power period, that nunc pro tunc order may not be used "to backdate the signing of a written order that was not in fact signed earlier," but allowing correction of order granting new trial via nunc pro tunc relief because nunc pro tunc order in that case recited specific date within plenary-power period that original new trial order had been signed).

An appellate court may grant "any just relief pending the court's action on" a mandamus petition, including a stay of all underlying proceedings in the trial court. *See* TEX. R. APP. P. 52.10(a)–(b). A stay of the underlying proceedings prevents the parties and the respondent trial court from taking action in the case until they receive further orders from the appellate court. *In re Martinez*, 77 S.W.3d 462, 464 (Tex. App.—Corpus Christi 2002, orig. proceeding); *see also Oryx Capital Int'l, Inc. v. Sage Apartments, L.L.C.*, 167 S.W.3d 432, 438 (Tex. App.—San Antonio 2005, no pet.) ("When this Court stayed all proceedings in the trial court, the parties and the trial court were ordered to take no further action on the case until they received further orders from this court or we resolved the [interlocutory] appeal."). Parties in the trial court must comply with orders of the appellate court. *Oryx Capital Int'l*, 167 S.W.3d at 438.

Orders issued by a respondent trial court in violation of an appellate court stay order are void. *See City of Corpus Christi v. Maldonado*, 398 S.W.3d 266,

12

269 n.3 (Tex. App.—Corpus Christi 2011, no pet.) (holding trial court's temporary injunction order void because court entered order despite appellate court staying underlying proceedings pending disposition of interlocutory appeal); *In re Helena Chem. Co.*, 286 S.W.3d 492, 498 (Tex. App.—Corpus Christi 2009, orig. proceeding) ("[A]ny actions subsequently made by such parties in the trial court are rightfully considered violations of the stay and are void as a matter of law."); *Oryx Captial Int'l*, 167 S.W.3d at 438 ("The trial court's order dismissing Oryx from the case was entered in direct violation of our [stay] order and is therefore void."); *In re El Paso Cnty. Comm'rs Court*, 164 S.W.3d 787, 787 (Tex. App.—El Paso 2005, orig. proceeding) ("The orders issued by Respondent are in direct violation of this Court's stay order, and therefore are void.").

Here, we granted Walker's motion to stay the underlying proceedings on February 4, 2013, ruling that the underlying proceedings were stayed until further order of this Court. We have not issued an order lifting the stay, nor has any party or the trial court requested that we do so. *See Oryx Capital Int'l*, 167 S.W.3d at 438 ("If Sage desired to non-suit its claims against Oryx, Sage should have asked this court to lift our stay so that it could file its non-suit in the trial court. Instead, Sage chose to circumvent our authority."). Walker then filed a motion for nunc pro tunc relief with the trial court on March 4, 2013, while the stay was in place, and the trial court granted the motion on March 18, 2013. Walker thus violated our

13

stay order and, by his actions, caused the trial court to violate our order as well. *See id.* Because the trial court's nunc pro tunc order was entered in direct violation of our stay order, we hold that the trial court's order is void. *See Maldonado*, 398 S.W.3d at 269 n.3; *Oryx Capital Int'l*, 167 S.W.3d at 438; *In re El Paso Cnty. Comm'rs Court*, 164 S.W.3d at 787–88.

Because we hold that the trial court's nunc pro tunc order is void and of no effect, the only order granting Walker's motion for new trial that we may consider is the order signed on December 21, 2012, which, as we have already held, is also void because the trial court signed it outside of the court's plenary-power period. We therefore hold that Bates has established his entitlement to mandamus relief. *See In re Lovito-Nelson*, 278 S.W.3d at 776 (holding that mandamus relief is appropriate when trial court acts after its plenary power has expired).

We sustain Bates' first issue.[4]

### Conclusion

We conditionally grant the petition for writ of mandamus. We lift the stay entered by this Court on February 4, 2013. We order the trial court to vacate the

---

[4] Because we hold that the trial court signed the order granting Walker's motion for new trial outside of its plenary-power period and that, therefore, the order is void, we need not address Bates' second and third issues: whether the trial court abused its discretion by granting a new trial on factual sufficiency grounds but applying the legal sufficiency standard and whether the trial court abused its discretion by granting a new trial on factual sufficiency grounds when substantial evidence supported the jury's findings.

14

December 21, 2012 order granting Walker's motion for new trial and to reinstate the August 15, 2012 final judgment.[5] The writ will issue only if the trial court fails to do so.

Evelyn V. Keyes<br>
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Justice Sharp, concurring without opinion.

---

[5] The original trial judge, the Honorable Susan Criss, resigned during the pendency of this mandamus proceeding. Normally, when the respondent trial judge resigns, we abate the mandamus proceeding to allow the successor judge to reconsider the ruling. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). Here, however, because we hold that the trial court's order granting Walker's new trial motion is void because it was signed outside the plenary-power period, and the order granting nunc pro tunc relief is also void because it was signed in violation of our stay of the trial court proceedings, there are no orders for the successor judge to reconsider. *See, e.g.*, *Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (stating that after trial court loses plenary power, it lacks jurisdiction to act in matter); *see also Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("Orders issued outside of a trial court's plenary power are typically void, because a court no longer has jurisdiction to act once its plenary power has expired."); *In re Bokeloh*, 21 S.W.3d 784, 793 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) ("A void order is entirely null within itself; it is not susceptible to ratification or confirmation and its nullity cannot be waived."). Thus, under these factual circumstances, we will not abate to allow the successor judge to reconsider the original rulings. *See* TEX. R. APP. P. 2 (providing that appellate court may suspend operation of particular rule of appellate procedure in case for "good cause").