**Petition for Writ of Mandamus Granted and Memorandum Opinion filed September 1, 2015.**

**In The**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

**NO. 14-15-00434-CV**

---

**IN RE ROBERT B. WALKER AND WATER REMOVAL AND DRYING OF HOUSTON, L.L.C., Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-27248**

---

## MEMORANDUM OPINION

On May 14, 2015, relators and defendants below Robert B. Walker and Water Removal and Drying of Houston, L.L.C. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relators asks this court to compel the Honorable Alexandra Smoots-Hogan, presiding judge of the 164th District Court of Harris County, to set aside an

order signed on January 15, 2015 that vacated a judgment signed on January 22, 2014.

We conclude that that the judgment signed on January 22, 2014 is a final judgment and the trial court was without plenary power to vacate the judgment. Therefore, the order vacating the judgment is void and we grant the mandamus relief requested. We also conclude that the petition is not barred by laches.

## I. BACKGROUND

The facts relevant to the issue of whether the judgment signed on January 22, 2014 is final are as follows. On June 27, 2013, the jury rendered a verdict for defendants on their counterclaims against the plaintiff Joe E. Price ("Price"), who is one of the real parties in interest. On July 19, 2013, defendants filed a motion for attorney's fees and a motion for judgment on the jury verdict. On August 21, 2013, Serpe, Jones, Andrews, Callender & Bell PLLC ("Serpe Jones") filed a petition for intervention regarding attorney's fees.

On January 22, 2014, the trial court signed a document entitled "Final Judgment". The "Final Judgment" stated in the first paragraph "The Court having considered Defendants' Motion for an Award of Attorneys' fees and Motion for Entry of Final Judgment on Jury Verdict determines that these motions should be GRANTED." However, the trial court crossed out the language awarding attorney's fees. The second to last sentence in the judgment states, "This judgment finally disposes of all parties and all claims." The judgment neither names Serpe Jones nor refers to the intervention.

On June 2, 2014, Price filed a notice of appeal of the judgment with this court. On July 3, 2014, this court issued a memorandum opinion that dismissed the appeal

2

because the notice of appeal was untimely filed after judgment was signed and was therefore too late.

On December 23, 2014, Price filed a motion to vacate the judgment, arguing that it is not final because it does not expressly name Serpe Jones or deny Serpe Jones' claim for attorney's fees. Defendants filed a response, arguing, among other things, that the court had no power to vacate the judgment because it was final. On January 16, 2015, the trial court signed an order vacating the judgment. On April 27, 2015, the trial court issued a docket control order setting the case for trial on December 7, 2015.

## II. ANALYSIS

Price and Serpe Jones argue that a judgment must specifically name every party and every claim to be final. That is incorrect. "If a judgment actually disposes of every issue in a case, then it is not interlocutory simply because it does not include one of the parties." *Moritz v. Preiss*, 121 S.W.3d 715, 719 (Tex. 2003). However, "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party <u>or</u> *unless it clearly and unequivocally states that it finally disposes of all claims and all parties*." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (emphasis added). The Texas Supreme Court gave an example, "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." *Id*. at 206. "If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Id*. "But if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not

3

intend for the judgment to be final." *Id*. "An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication." *Id*.

The judgment is final because it states, "This judgment finally disposes of all parties and all claims." This language is almost identical to the example of a clear statement given by the Texas Supreme Court. *See Lehmann*, 39 S.W.3d at 206. In this case, the language of the judgment is unequivocal and so we do not resort to the record to glean whether the trial court intended to adjudicate all claims and parties. *See Id.* We conclude that the judgment is final.

Because the trial court's plenary power to vacate that judgment expired thirty days after it was signed on January 22, 2014, the trial court was without jurisdiction to vacate judgment on January 16, 2015. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc*., 10 S.W.3d 308, 310 (Tex. 2000). The order vacating the judgment is therefore void. *See In re Bates*, 429 S.W.3d 47, 50-52 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

Mandamus relief is appropriate when a trial court has acted after its plenary power has expired. *In re Bates*, 429 S.W.3d at 53-54. In *In re Sw. Bell Tel. Co*., the Texas Supreme Court held: "Mandamus is proper if a trial court issues an order beyond its jurisdiction. Here, the trial court set aside the transfer order long after its plenary power had expired; therefore, its order was void and constituted an abuse of discretion. Further, because the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate." 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (citations omitted).

4

Because the trial court signed the order vacating the judgment after its plenary power expired, the order is void and relators are therefore entitled to the mandamus relief they seek.

Finally, Price and Serpe Jones argue that the petition for writ of mandamus should be denied because relators delayed until May 14, 2015 to file their petition for writ of mandamus even though the order vacating the judgment was signed January 16, 2015. Although a relator may be barred by laches from seeking mandamus relief following an unreasonable delay, we have previously held that laches is not a bar to mandamus relief where, as here, the mandamus relief is premised on the entry of a void order. *See In re Chester*, 309 S.W.3d 713, 718 (Tex. App.—Houston [14th Dist.] 2010, original proceeding) (holding that laches is not a bar to mandamus relief where the trial court vacated a transfer order after the expiration of its plenary power); *see also In re Choice! Energy, L.P.*, 325 S.W.3d 805, 810 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Following our precedent, therefore, we conclude that laches does not apply in this case.

### III. CONCLUSION

For these reasons, we grant relators' petition for writ of mandamus and order the trial court to set aside both its order vacating the judgment and its docket control order setting the case for trial on December 7, 2015 because such orders are void.

/s/    John Donovan
        Justice

Panel consists of Justices Boyce, McCally, and Donovan.

5