**Affirmed and Memorandum Opinion filed April 22, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00836-CV

---

## MAREK E. MENGER, Appellant

## V.

## CARLOS RYERSON AND MICHAEL BYNANE, Appellees

---

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2016-06434A**

---

## MEMORANDUM OPINION

Appellant Marek E. Menger appeals the trial court's order assessing attorney's fees against him, asserting the order was signed after the expiration of the trial court's plenary power. For the reasons below, we affirm.

### BACKGROUND

Our recitation of this case's procedural history is based on the filings in the appellate record.

In January 2018, attorneys Carlos Ryerson and Michael Bynane (together, "Appellees") sought to intervene in the underlying divorce proceeding styled *In the Matter of the Marriage of Sherry Menger and Marek E. Menger*. Appellees' petitions for intervention asserted they previously had provided Marek legal services with respect to his divorce and that Marek failed to pay for those services. Because Marek's contracts with Appellees included arbitration clauses, Appellees requested the trial court compel Appellees, Sherry, and Marek to arbitration. Sherry filed an "Original Answer to Petition in Intervention for Attorney's Fees," asserting she was not liable to Appellees for Marek's attorney's fees.

The next entry in the clerk's record is the trial court's "Order on Marek Menger's Motion to Vacate or In the Alternative Motion to Reconsider Attorney's Fees," signed August 6, 2018 (the "2018 Order"). In relevant part, the 2018 Order states:

> IT IS ORDERED that the judgment for attorney's fees awarded to Intervenors Michael Bynane and Carlos Ryerson . . . pursuant to an arbitration award are unjust, unreasonable, unfair, and in excess of the customary fees for same work performed in Harris County, Texas.
>
> IT IS THEREFORE ORDERED that Marek Menger's Motion to Vacate or In The Alternative Motion to Reconsider Attorney's Fees is hereby GRANTED.

In May 2019, Appellees filed a "Motion to Reconsider Ruling on Marek Menger's Motion to Vacate or In the Alternative Motion to Reconsider Attorney's Fees".

On August 6, 2019, the trial court signed a "Final Order and Order on Intervenors' Motion to Reconsider Ruling on Marek Menger's Motion to Vacate or In the Alternative Motion to Reconsider Attorney's Fees" (the "2019 Order"). The 2019 Order states:

> On August 5, 2019, this Court heard Intervenors' Motion to Reconsider Ruling on Marek Menger's Motion to Vacate or in the

Alternative Motion to Reconsider Attorney's Fees, and after considering the motion, response, and evidence, this Court is of the opinion that the motion should be in all things GRANTED.

IT IS THEREFORE ORDERED that Marek Menger's Motion to Vacate or in the Alternative Motion to Reconsider Attorney's Fees is DENIED.

IT IS FURTHER ORDERED that Marek Menger's [sic] is Ordered to pay the attorneys' fees awarded to Carlos Ryerson and Michael Bynane in Arbitration. Marek Menger shall pay Carlos Ryerson $27,067.50. Marek Menger shall pay Michael Bynane $29,493.00.

IT IS FURTHER ORDERED by the Court this judgment is final, disposes of all claims and all parties and is appealable.

Marek filed a notice of appeal.

## ANALYSIS

On appeal, Marek asserts the 2018 Order granting his motion to vacate constituted a final judgment. Therefore, Marek argues, the 2019 Order was signed after the expiration of the trial court's plenary power and is void.[1]

With certain exceptions not applicable here, a trial court loses plenary power over a case thirty days after it signs a final judgment. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). When a trial court issues an order outside of its plenary power, the order is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 70 (Tex. 2008) (orig. proceeding). A void order is a nullity and has no effect. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

---

[1] Generally, mandamus relief is sought when a party alleges the trial court acted after its plenary power expired. *See, e.g., In re Lovito-Nelson*, 278 S.W.3d 773, 776 (Tex. 2009) (orig. proceeding) (per curiam); *In re Bates*, 429 S.W.3d 47, 50 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). However, because Marek timely filed a notice of appeal from the trial court's August 6, 2019 final judgment, we will consider this issue on direct appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001) (generally, an appeal may be taken only from a final judgment; a judgment is final if it "clearly and unequivocally states that it finally disposes of all claims and all parties").

3

Like the 2018 Order at issue here, an order issued without a conventional trial on the merits is final only if it (1) actually disposes of all claims and all parties before the court, or (2) clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001); *S. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 358 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "Because a final judgment does not have to be in any particular form, deciding whether a judicial decree is a final judgment must be determined from its language and the record in the case." *S. Mgmt. Servs., Inc.*, 398 S.W.3d at 358.

As quoted above, the 2018 Order granting Marek's motion to vacate does not clearly and unequivocally state that it disposes of all claims and all parties in the proceeding. Based on our review of the record, the 2018 Order does not dispose of all claims and parties before the trial court. Although the order vacated Appellees' arbitration award, it did not render any judgment with respect to Appellees or otherwise determine their claims for attorney's fees. The record does not indicate the 2018 Order was intended to be a final adjudication of the parties and claims before the trial court.

Because the trial court's 2018 Order did not constitute a final judgment, it did not trigger the trial court's plenary power period after a judgment is signed. *See* Tex. R. Civ. P. 329b(d). Therefore, the trial court's 2019 Order is not void. We overrule Marek's issue on appeal.

## CONCLUSION

We affirm the trial court's August 6, 2019 "Final Order and Order on Intervenors' Motion to Reconsider Ruling on Marek Menger's Motion to Vacate or In the Alternative Motion to Reconsider Attorney's Fees".

4

/s/     Meagan Hassan
        Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.