ACCEPTED
15-25-00019-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/21/2025 3:26 PM
CHRISTOPHER A. PRINE
CLERK

NO. _____

FILED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
2/21/2025 3:26:11 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT OF TEXAS AT AUSTIN

In Re T. BENTLY DURANT, THOMAS R. DURANT, THE DURANT CLASSIC DYNASTY TRUST, MICHAEL A. WARD, 8100 PARTNERS, LTD., 8100, MANAGEMENT LLC, 8705 PARTNERS, LTD., 8705 MANAGEMENT LLC, CLASSIC CHEVROLET SUGAR LAND, LLC, CLASSIC CHEVROLET WEST HOUSTON, LLC, CLASSIC ELITE BUICK GMC, INC., AND 16835 CADET PARTNERS, LLC.,
*Relators.*

Original Proceeding from the
Business Court of the State of Texas, Eleventh Division
Cause No. 25-BC11A-0001
Honorable Stacy Rogers Sharp, Judge of the Texas Business Court
Fourth Division, Sitting by Assignment

## RELATORS' EMERGENCY MOTION FOR STAY

**SHACKELFORD, MCKINLEY & NORTON, LLP**
*Attorneys for Relators*

K. Elizabeth Swan
State Bar No. 24071218
eswan@shackelford.law
Derek D. Rollins
State Bar No. 24029803
drollins@shackelford.law
Lucas Peterson
State Bar No. 24121468
lpeterson@shackelford.law
9201 N. Central Expy., 4th Floor,
Dallas, Texas 75231
Telephone: (214) 780-1400
Facsimile: (214) 780-1401

Timothy D. Zeiger
State Bar No. 22255950
tzeiger@shackelford.law
2600 Via Fortuna, Suite 150
Austin, Texas 78746
Telephone: (512) 469-0900
Facsimile: (512) 469-0930

**ARGUMENT**

Pursuant to Rule 52.10 of the Texas Rules of Appellate Procedure, Relators seek a stay of the business court's February 4, 2025 Opinion and Order ("Remand Order") remanding the underlying case to the 387th Judicial District Court of Fort Bend County, Texas. The Remand Order is the subject of Relators' pending Petition for Writ of Mandamus.

Relators request consideration of this Motion prior to **February 24, 2025 at 9:00 a.m.**, which is the scheduled time of an in-person oral hearing by the 387th Judicial District Court of Fort Bend County, Texas on the Real Parties in Interest's Joint Emergency Application for Temporary Restraining Order and Temporary Injunction. MR:508-518; 555-559. Stay of the Remand Order would preserve the status quo prior to the challenged action of the business court and prevent further action against Relators in the Divorce Court pending this Court's mandamus review.

**A.     Nature of this Mandamus proceeding**

Real Parties in Interest Tiffany and Michael Jeffrey Sebastian are going through a divorce currently pending in Cause No. 24-DCV-318087 in the 387th Judicial District Court of Fort Bend County, Texas ("Divorce Court Case"). MR:291. The 387th Judicial District Court ("Divorce Court") is a family court obligated by statute to give preference to family law matters. TEX. GOV'T CODE § 24.532.

2

On December 3, 2024, in the Divorce Court Case, Real Parties in Interest filed a third-party petition improperly alleging claims against Relators for, *inter alia*, breach of certain agreements between the Parties, and for declaratory judgment of the alleged rights conferred by those agreements. MR:370-374. Although this third-party petition was not served on Relators,[1] Relators learned of its filing via other means and timely removed the claims against them to the business court. MR:4. All removed claims undisputably fell within the business court's subject-matter jurisdiction and were filed after September 1, 2024.

Real Parties in Interest subsequently filed a Motion to Remand in the business court claiming that: 1) Chapter 25A of the Texas Government Code only allows for the removal of an entire case and all claims therein; and 2) the divorce case was initiated prior to September 1, 2024, thereby frustrating the business court's subject-matter jurisdiction over the entire case, including the claims and parties added thereafter. MR:136, 264. The business court agreed and issued the Remand Order remanding the entire case to the Divorce Court on February 4, 2025. MR:411.

On Friday, February 21, 2025, without prior notice to Relators, Real Parties in Interest filed a joint emergency application for a temporary restraining order and temporary injunction in the Divorce Case, and unilaterally set it for a hearing on

---

[1] On February 10, 2025, Relators agreed to appear and answer or otherwise responsively plead in the Divorce Court Case on or before March 10. 2025.

3

Monday, February 24, 2025 at 9:00 a.m. MR:559. Real Parties in Interest seek a temporary restraining order that, *inter alia*, enjoins "interference" with Jeff Sebastian's "legal right" and "mandatory obligation" to control "all management decisions" related to the Classic Dealerships and orders "compliance" with the Buy-Sell Agreement and various company agreements (the parties' respective rights under such agreements being the subject of Real Parties in Interest's pending claims for declaratory judgment in the Divorce Court Case). MR:514-515; 555-558.

The Divorce Court is now set to proceed with the unilaterally set hearing on February 24, 2025, at 9:00 a.m. to determine whether it should enter an order that essentially grants Real Parties in Interest's claims in the Divorce Court Case before Relators have even filed an answer. This type of action is precisely why Relators seek to have this dispute determined by the business court rather than the Divorce Court pursuant to their Notice of Removal. Relators seek an emergency stay of the Remand Order to prevent proceedings on the removed claims and the request for temporary restraining order and injunction in the Divorce Court pending mandamus review of that Order.

## B.     Stay is necessary to preserve this Court's jurisdiction.

A stay of the enforcement of a challenged order pending mandamus review of that order is appropriate to protect the jurisdiction of the appellate court by maintaining the status quo of the underlying proceeding while the court considers

4

the merits of the original proceeding. *In re J.P.L.*, 653 S.W.3d 767, 770 n.5 (Tex. App.—Tyler 2022, no pet.). "A stay of the underlying proceedings prevents the parties and the respondent trial court from taking action in the case until they receive further orders from the appellate court." *In re Bates*, 429 S.W.3d 47, 53 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

Here, the status quo prior to the challenged Remand Order is that the claims against Relators were removed to the business court on January 2, 2025 pursuant to Relators' Notice of Removal. MR:004. Relators seek to preserve that status quo pending mandamus review.

If mandamus is granted, the business court, not the Divorce Court, will hear and decide all claims against Relators, including any claims for a temporary restraining order and injunction. If a stay of the Remand Order is not granted pending review, those issues will be decided by the Divorce Court as early as February 24, 2025. If that occurs, irreparable harm to the Classic Dealerships will occur, and the relief sought by Relators will be mooted, at least in part. A stay of the Remand Order is necessary to prevent this Court from losing jurisdiction to decide the merits of this mandamus petition.

### C.    Stay is required to avoid harm to Relators.

Relators may be irreparably harmed if stay of the Remand Order is not granted and the claims against Relators are permitted to proceed in the Divorce Court

5

pending this Court's review. The Divorce Court could enter a Temporary Restraining Order enjoining Relators from managing businesses of which Relators own the majority and controlling interest. MR: 555-558. Real Parties in Interest are seeking to control virtually every aspect of Relators' businesses for an indefinite period. *Id*. Relators would be harmed if such a critical issue were incorrectly decided by the wrong court, which may never have encountered a similar issue.

The business court was created as a specialty court designed specifically to hear cases such as the present case against Relators. Removal is a matter of right that may be exercised without agreement or hearing. TEX. GOV'T. CODE § 25A.006(d), (f)(1), (g). Here, Relators seek to enforce their right to avail themselves of the expertise, specialization, and efficiency of the business court. If stay is not granted and the claims against Relators are permitted to proceed in the Divorce Court pending review, including the potential temporary restraining order and injunction, Relators' right to remove will be irreversibly prejudiced. Similar to a forum selection clause, an appellate remedy is inadequate if Relators' right to have this matter heard by the Business Court is not upheld because allowing the trial to go forward will "vitiate and render illusory the subject matter of an appeal"—i.e., trial in the proper forum. *See In re Lisa Laser USA, Inc*., 310 S.W.3d 880, 883 (Tex. 2010) (forum selection clause).

Even if this Court later grants mandamus and vacates the Remand Order, the damage will have been done. Control of Relators' businesses may have been assumed by Real Parties in Interest with purported expansive power and decision-making authority, including over expenditures, financial obligations and debts, contracts, and personnel decisions such as hiring and firing. MR:555-558. Moreover, Relators will have been improperly deprived of their right to make their own business decisions and manage their own operations. The extent of such damage to Relators may not be measurable, but it is certain to be irreparable.

Real Parties in Interest will not be harmed by the granting of a stay. The Remand Order does not affect their interspousal divorce claims, which all parties agree may proceed in the Divorce Court – even if a stay is granted preventing the remand of the claims against Relators. And, if the Remand Order is stayed, Real Parties in Interest may seek any necessary emergency relief involving Relators from the business court.

**D.    Immediate action is required by this Court on an emergency basis.**

Relators request the Court to consider this Motion and grant a stay of the Remand Order prior to the hearing currently scheduled in the Divorce Court on February 24, 2025 at 9:00 a.m. Because of the impending hearing, there is insufficient time for Relators to present this request to the business court for consideration and determination before submitting it to this Court.

## PRAYER FOR RELIEF

Relators respectfully request that the Court (1) grant this Motion; (2) order that the business court's February 4, 2025 Opinion and Order remanding the cause to the 387th Judicial District Court of Fort Bend County, Texas is stayed pending the Court's disposition of this Petition for Writ of Mandamus and that no other action on the removed claims be taken in the 387th District Court pending review; and (3) grant Relators all other appropriate relief.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

*/s/ K. Elizabeth Swan*
K. Elizabeth Swan
State Bar No. 24071218
eswan@shackelford.law
Derek D. Rollins
State Bar No. 24029803
drollins@shackelford.law
Lucas Peterson
State Bar No. 24121469
lpeterson@shackelford.law
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
Telephone (214) 780-1400
Facsimile (214) 780-1401

Timothy D. Zeiger
State Bar No. 22255950
tzeiger@shackelford.law
2600 Via Fortuna, Suite 150
Austin, Texas 78746

Telephone (512) 469-0900
Facsimile (512) 469-0930

**ATTORNEYS FOR RELATORS**
**T. Bently Durant, Thomas R. Durant,**
**The Durant Classic Dynasty Trust,**
**Michael A. Ward, 8100 Partners, Ltd.,**
**8100 Management LLC, 8705 Partners,**
**Ltd., and 8705 Management LLC, Classic**
**Chevrolet Sugar Land, LLC, Classic**
**Chevrolet West Houston, LLC, Classic**
**Elite Buick GMC, Inc., and 16835 Cadet**
**Partners, LLC**

## RULE 52.10(a) CERTIFICATE OF COMPLIANCE

This is to certify that, on February 21, 2025, via email, my office notified all parties that Relators would be filing a motion requesting to stay the business court's February 4, 2025 Opinion and Order remanding the case to the 387th Judicial District Court of Fort Bend County, Texas.

/s/ K. Elizabeth Swan
K. Elizabeth Swan

## CERTIFICATE OF CONFERENCE

This is to certify that, on February 21, 2025, via email, my office conferred with counsel for all parties, who confirmed that they were opposed to the relief requested in this Motion.

/s/ Lucas Peterson
Lucas Peterson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on the parties through their counsel of record listed below on this February 21, 2025, in accordance with Texas Rule of Appellate Procedure 9.5.

BOHREER LAW FIRM PLLC
E. Michelle Bohreer
michelle@bohreerlaw.com
Pritesh Soni
pritesh@bohreerlaw.com
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
*Counsel for Real Party in Interest Michael Jeffrey Sebastian, Individually and on behalf of the Sebastian Community Estate, and Derivatively on behalf of the Classic Dealerships*

Hon. Stacy Rogers Sharp
Judge of the Texas Business Court,
Fourth Division, Sitting by
Assignment
BCClerk@txcourts.gov
William P. Clements Building
300 West 15th Street, Suite 606
Austin, Texas 78701
*Respondent*

SCHEEF & STONE, LLP
J. Mitch Little
mitch.little@solidcounsel.com
Steven Ovando
steven.ovando@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034

DICECCO LAW PARTNERS, PLLC
John Coselli, III
john@diceccolawpartners.com
Jill K. Evangelista
jill@diceccolawpartners.com
Joseph W. DeCecco
joe@diceccolawpartners.com
777 Post Oak Blvd., Ste. 900
Houston, Texas 77056

*Counsel for Real Party in Interest Tiffany Lynn Sebastian*

*/s/ K. Elizabeth Swan*
K. Elizabeth Swan

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosa Balderas on behalf of Kathleen Swan
Bar No. 24071218
rbalderas@shackelford.law
Envelope ID: 97667548
Filing Code Description: Motion for Emergency Relief
Filing Description: Relator's Emergency Motion to Stay
Status as of 2/21/2025 3:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hon. Stacy RogersSharp | | BCClerk@txcourts.gov | 2/21/2025 3:26:11 PM | SENT |
| Joseph W.DiCecco | | joe@diceccolawpartners.com | 2/21/2025 3:26:11 PM | SENT |
| Jill K.Evangelista | | jill@diceccolawpartners.com | 2/21/2025 3:26:11 PM | SENT |
| John Coselli, II | | john@diceccolawpartners.com | 2/21/2025 3:26:11 PM | SENT |
| Steven Ovando | | steven.ovando@solidcounsel.com | 2/21/2025 3:26:11 PM | SENT |
| J. Mitch Little | | mitch.little@solidcounsel.com | 2/21/2025 3:26:11 PM | SENT |
| Pritesh Soni | | pritesh@bohreerlaw.com | 2/21/2025 3:26:11 PM | SENT |
| E.Michelle Bohreer | | michelle@bohreerlaw.com | 2/21/2025 3:26:11 PM | SENT |
| Rosa Balderas | | rbalderas@shackelford.law | 2/21/2025 3:26:11 PM | SENT |
| Timothy D.Zeiger | | tzeiger@shackelford.law | 2/21/2025 3:26:11 PM | SENT |
| Lucas Peterson | | lpeterson@shackelford.law | 2/21/2025 3:26:11 PM | SENT |
| Derek  D. Rollins | | drollins@shackelford.law | 2/21/2025 3:26:11 PM | SENT |
| K. Elizabeth Swan | | eswan@shackelford.law | 2/21/2025 3:26:11 PM | SENT |