ACCEPTED
15-25-00140-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/25/2025 5:42 PM
CHRISTOPHER A. PRINE
CLERK

NO. _____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/25/2025 5:42:52 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFTEENTH DISTRICT
## AUSTIN, TEXAS

IN RE POWERED BY PEOPLE AND ROBERT FRANCIS O'ROURKE,
*Relators*

ORIGINAL PROCEEDING FROM THE 348TH JUDICIAL DISTRICT
OF TARRANT COUNTY, TEXAS
TRIAL COURT NO. 348-367652-2025

## MOTION FOR EMERGENCY RELIEF

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure 52.10, Powered by the People and Robert Francis O'Rourke, Relators, file this Motion for Emergency Relief to accompany their Petition for Writ of Mandamus, and in support of this motion would show the court as follows.

1. Relators' Petition for Writ of Mandamus is being filed concurrently seeking appellate review of the trial court's orders granting and modifying the Temporary Restraining Order ("TRO") that is an

unconstitutional prior restraint on constitutionally protected speech, when the trial court lacked subject matter jurisdiction and proper venue to do so. Specifically, on August 8, 2025, the Attorney General filed an injunction lawsuit in Tarrant County asserting to restrain and enjoin Relators' constitutionally protected political speech. The trial court does not have subject matter jurisdiction over this suit because the State of Texas has no standing to bring the claims it pleads against Relators. Moreover, venue is mandatory in a different county.

2.      Since it is the trial court's orders granting and amending the TRO that are at issue in the Petition for Writ of Mandamus, it is necessary to suspend the TRO ordered by the trial court and stay the underlying proceedings pending this Court's ruling. *See In re Bates*, 429 S.W.3d 47, 53 (Tex. App.—Houston [1st Dist.], 2014, no pet.) ("A stay of the underlying proceedings prevents the parties and the respondent trial court from taking action in the case until they receive further orders from the appellate court.")

3.      Suspending the TRO and amended TRO in the underlying case is also necessary to maintain the status quo, to prevent further cost and time over discovery matters before the trial court that are being pursued in anticipation of the temporary injunction when the court lacks subject matter

jurisdiction and venue is not proper, and to avoid Relators' loss of substantive and procedural rights. The Respondent has ordered expedited discovery that creates unnecessary burden and expense for a matter in which no jurisdiction exists. *See City of Anson v. Harper,* 216 S.W.3d 384, 390 (Tex. App.–Eastland 2006, no pet.) ("If the trial court does not have jurisdiction to enter a judgment, it does not have jurisdiction to allow plaintiffs to conduct discovery.").

4.      The existence of the TRO is actively chilling protected free speech of both the Relators as well as disrupting and preventing the free political speech of Texas donors. Because the purpose of the State's suit is primarily to restrain conduct and embarrass a potential political opponent, the Attorney General's improper weaponization of the DTPA must be halted until this Court makes a ***threshold*** determination of whether the statute can be used in the absurd manner the State currently contends. Failure to stay the underlying proceedings and the existing TRO will cause substantial irreparable harm to the Relators and do untold damage to Texas's constitutional order. As the Supreme Court of Texas noted nearly fifty years ago, "'…any delay in the exercise of First Amendment rights constitutes an irreparable injury to those seeking such exercise.'" *See Iranian Muslim Org. v.*

*City of San Antonio*, 615 S.W.2d 202, 208 (quoting *Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d 362, 365 (Tex.Civ.App. Amarillo 1979, no writ)).

5. The State is actively pursuing a motion for contempt against Relators, *including requesting that Relator O'Rourke be jailed*, for alleged violations of the TRO. The Court has set that motion for a hearing on September 2, at the same time as the hearing on the State's temporary injunction. The fundamental flaws with the TRO, including the Court's lack of jurisdiction, improper venue, and violations of Relator's constitutional rights, are exacerbated by the State's efforts to proceed with a contempt motion.

5. The Court must at least preliminarily examine "the likely merits of the parties' legal positions" as well as examine the injury that "will befall the either party depending on the court's decision." *In re State*, 711 S.W.3d 641, 645 (Tex. 2024). Evaluating these two considerations it is clear that temporary relief should issue and the underlying case and the Respondent's modified TRO should be stayed.

6. One, the Attorney General asserts a claim that is not cognizable under the DTPA and he has provided no evidentiary basis to even argue that the transactions it challenges in his suit qualify as consumer transactions in

goods and services. Because there is no basis to assert an emergency injunction suit against the Relators under the DTPA, the Relators are likely to succeed on their jurisdictional challenge. Relators incorporate by reference the arguments set forth in the contemporaneously filed Original Petition for Writ of Mandamus.

7. Two, the balance of harms if the Court does not issue a temporary stay pending appeal weighs disproportionately on the constitutional speech and associational rights of the Relators. The existence of the TRO and the abuse of the DTPA is an active chilling of free speech, expression, and association under the Texas Constitution. Both Relators and the public writ large are having their opportunity to express political speech stifled because of the Attorney General's egregious actions. Staying the underlying proceedings and TRO ensures those constitutional free speech rights are preserved and not trampled. On the other hand, the State suffers no harm if the Court stays the proceedings. The State has offered no evidence of actual wrongdoing justifying the TRO in the first place, but even assuming it made a modest showing of harm to justify the TRO, the State's primary purpose of bringing suit in Tarrant County was to enjoin political speech and disrupt a political rally that has already occurred. The political basis for the State's

argument – that Texas legislators were out of state, preventing the legislature from proceeding with a quorum – is no longer at issue as a quorum exists and the legislature is moving forward with legislation. There is no longer any emergency justifying a TRO and the undisputed factual record before the trial court is that no improper or deceptive solicitations were even made and that no transactions involving "goods" or "services" ever occurred. In this situation, the balance of equities weighs heavily in favor of protecting the First Amendment and stopping an encroaching government abuse.

8.      This morning, the Respondent compounded its errors by continuing to ignore its lack of subject matter jurisdiction to hear this case and also entered two more orders constituting an abuse of discretion, which if not immediately stayed will irreparably harm and damage Relators.

9.      On August 25, 2025, the Court denied Relators any and all expedited discovery before the temporary injunction hearing, despite granting burdensome expedited discovery to the State of Texas, which will require the Relators to sit for depositions, currently noticed for **August 28, 2025**, as well as produce voluminous documents in defense of a claim that lacks merit and the State refuses to provide the factual basis for its claims. The failure to grant *any* discovery on the claims the State seeks and to enable

the Relators to prepare for the temporary injunction hearing, while simultaneously granting the State every discovery request it seeks, ignores fundamental fairness and due process concerns.

10.     Moreover, on August 25, 2025, the Court entered another TRO, which decided an issue that was not before the Court and expanded the scope of the September 2, 2025 temporary injunction beyond the original applications for TRO and the Court's initial modified TRO. On August 11, 2025, Relator Powered by People sought injunctive relief against the Attorney General Paxton, to prevent him from filing an information in the nature of quo warranto against Powered by People without leave of an El Paso Court. On August 12, 2025, the State filed a Motion for Leave to File Information in Nature of *Quo Warranto* to attempt and append a *quo warranto* proceeding to this ongoing DTPA proceeding.  The State's Motion for Leave, however, **was never set for hearing and never ruled upon.**  On August 15, 2025, the Court modified its initial TRO but did not grant the State leave to file its *quo warranto* action. Further, the TRO did not address or include quo warranto proceedings. On August 19, 2025, after holding two hearings four days apart, and with an intervening hearing in Tarrant County, the 41st District Court of El Paso granted Powered by People's request, finding that Ken Paxton had

likely violated its constitutional rights and sought to retaliate against it for exercising those rights.

11. For the first time today, the State asserted it intended to pursue a *quo warranto* proceeding in its temporary injunction hearing on September 2, 2025, even though no authorized pleading support such relief, it was not included in the Court's original or modified TRO, and the State never set for hearing or received an order from the Court granting leave to file the claim as required by statute. Despite receiving no notice of hearing on the motion for leave to file a *quo warranto* proceeding, the Respondent, realizing that the order setting temporary injunction for September 2, 2025, did not include the quo warranto claim abruptly entered a new TRO that both restrained Relators from pursuing relief in a currently pending proceeding in El Paso (where pre-existing relief precludes the Attorney General from taking the actions he is seeking to take) *and* suddenly determined that *quo warranto* venue was appropriate in Tarrant County (it is not). MR.0978. This new TRO compounds Respondent's errors and severely prejudices Relators.

12. One, the State has now successfully deprived Relators from any discovery on its claim to prepare a defense and morphed the original temporary injunction proceeding into something that no TRO hearing was

ever held on. The mistake is made worse by the fact that there are only seven days before the temporary injunction hearing.

13. Two, the anti-suit injunction portion of the August 25, 2025 TRO also denies Relators fundamental due process and infringes on the direct jurisdiction of both the El Paso Court and this Court because read plainly it would preclude the Relators from even responding to the *State's own* interlocutory appeal of the El Paso proceeding because doing so would be pursuing the prosecution of the existing El Paso suit seeking to stop improper *quo warranto* proceedings from being raised in an improper county. The anti-suit injunction TRO entered on August 25, 2025 reads, in pertinent part:

> Temporary Restraining Order, immediately restraining Defendants, their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from the following:
> Initiating, filing, or prosecuting any suit, claim, or proceeding that seeks to restrain or enjoin the State from initiating, filing, or prosecuting the *quo warranto* claims alleged by the State in this proceeding.

14. The order effectively handcuffs the Relators, and their attorneys, from pursuing a response to the State's appeal in this Court and proceeding in El Paso to vindicate their constitutional rights of free speech. This cannot be permitted to stand.

15. For these reasons, Relators respectfully request that this court grant temporary relief by issuing an order staying the TRO, amended TRO, and the underlying proceedings until such time as the Court has ruled on Relators' Petition for Writ of Mandamus and for any other relief to which they may be entitled. "An appellate court asked to decide whether to stay a lower court's ruling pending appeal or to stay a party's actions while an appeal proceeds should seek "to preserve the parties' rights until disposition of the appeal." *In re State,* 711 S.W.3d 641, 645 (Tex. 2024) (exercising equitable authority to under Rule 52.10 to preserve the parties' rights and prevent potential unconstitutional actions from occurring during pendency of appeal).

Respectfully submitted,

     */s/ Joaquin Gonzalez*

**Mimi Marziani**
Texas Bar No. 24091906
**Joaquin Gonzalez**
Texas Bar No. 24109935
**Rebecca (Beth) Stevens**
Texas Bar No. 24065381
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Phone: 210-343-5604

mmarziani@msgpllc.com
jgonzalez@msgpllc.com
bstevens@msgpllc.com

-and-

**Sean J. McCaffity**
State Bar No. 24013122
**SOMMERMAN McCAFFITY, QUESADA**
**& GEISLER L.L.P.**
3811 Turtle Creek Blvd, Ste 1400
Dallas, Texas 75219-4461
Phone: 214-720-0720
smccaffity@textrial.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 52.10(a), I certify that the undersigned has made a diligent effort to notify all parties of the requested temporary relief sought in this motion and that a true copy of the foregoing has this day been sent via Federal Express Overnight Delivery and e-mail to the Respondent, by and through their counsel of record, and to the real

party in interest and other parties in the underlying lawsuit at the addresses below:

Hon. Megan Fahey
348th Judicial District Court
Tarrant County Courthouse
100 North Calhoun St., 3rd Floor
Fort Worth, TX 76196
Phone: 817-884-2715
ndbentley@tarrantcountytx.gov
LAAdams@tarrantcountytx.gov

Ken Paxton
Attorney General of Texas
Rob Farquharson
Dep. Chief, Consumer Protection Division
Johnathan Stone
Chief, Consumer Protection Division
Office of the Attorney General of Texas
Consumer Protection Division
300 W. 15th St.
Austin, Texas 78701
Phone: (214) 290-8811
Fax: (214) 969-7615
Rob.Farquharson@oag.texas.gov

/s/ Sean J. McCaffity
Sean J. McCaffity

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Joaquin Gonzalez on behalf of Joaquin Gonzalez
Bar No. 24109935
jgonzalez@msgpllc.com
Envelope ID: 104826226
Filing Code Description: Original Proceeding Petition
Filing Description: Petition for Writ of Mandamus
Status as of 8/25/2025 7:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian Falligant` | | bfalligant@inquestresources.com | 8/25/2025 5:42:52 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 8/25/2025 5:42:52 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 8/25/2025 5:42:52 PM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 8/25/2025 5:42:52 PM | SENT |
| Sean McCaffity | 24013122 | smccaffity@textrial.com | 8/25/2025 5:42:52 PM | SENT |
| Rebecca Neumann | | rneumann@textrial.com | 8/25/2025 5:42:52 PM | SENT |
| Robert Farquharson | 24100550 | rob.farquharson@oag.texas.gov | 8/25/2025 5:42:52 PM | SENT |